Everett Lee **BAKER,**
Petitioner–Appellant,

v.

Stephen **KAISER,** Warden; and Attorney General of the State of Oklahoma, Respondents–Appellees.

No. 89–6268.

United States Court of Appeals,
Tenth Circuit.

April 8, 1991.

Jill M. Wichlens, Asst. Federal Public Defender (Michael G. Katz, Federal Public Defender, with her on the briefs), Denver, Colo., for petitioner-appellant.

Wellon B. Poe, Asst. Atty. Gen. (Robert H. Henry, Atty. Gen. of Oklahoma, with him on the briefs), Oklahoma City, Okl., for respondents-appellees.

Before HOLLOWAY, Chief Judge, McWILLIAMS and McKAY, Circuit Judges.

McKAY, Circuit Judge.

Everett Lee Baker appeals the denial of his petition for a writ of habeas corpus. Mr. Baker argues that he was denied his sixth amendment right to counsel during the period in which he was allowed to file an appeal from his state court burglary conviction. He also contends that the state denied him due process of law by overruling his motion for an out of time appeal after he did not receive assistance of counsel during this period.

### I.

On November 17, 1982, Everett Lee Baker was convicted of burglary in the second degree in Oklahoma State District Court. Based on his two prior felony convictions, the court sentenced Mr. Baker to seventy-five years imprisonment.

After the trial judge completed sentencing, he informed Mr. Baker that, based on

Oklahoma statute, he had ten days to file written notice of his intention to appeal if he wished to appeal his judgment and sentence to the Oklahoma Court of Criminal Appeals. When asked if he wanted to appeal, Mr. Baker's attorney stated that he wished to "reserve that." Excerpt of Sentencing Proceedings, Nov. 17, 1982, at 6. The judge then asked Mr. Baker if he wanted an attorney to be appointed to appeal the case. At this time, defense counsel asked to be relieved and requested "that the Public Defender's Office be appointed to appeal this matter to the Court of Criminal Appeals on behalf of Mr. Baker." *Id.* at 7. The judge granted the request. Mr. Baker, speaking on his own behalf, stated that he wanted a transcript at public expense. *Id.* The judge granted this request "to the extent that it's deemed necessary to take the appeal." *Id.* at 8.

Mr. Baker was imprisoned during the ten days that followed the sentencing proceedings. No attorney from the public defender's office contacted him during this time. Mr. Baker did not file a notice of intent to appeal within the ten-day period. In the next six years, he made repeated efforts to appeal his conviction, secure a transcript at public expense, and obtain assistance of counsel. Mr. Baker was unsuccessful in these attempts.

### A.

On January 27, 1983, more than two months after the ten-day period for filing a notice of intent to appeal had expired, petitioner wrote to the state district judge regarding the status of his appeal. Petitioner stated that he had not heard from an attorney. Nor had he received notification about the court orders for appointed counsel and a transcript. Mr. Baker emphasized that he had no intent to abandon his appeal. The record does not indicate that Mr. Baker ever received a response to his letter.

On March 30, 1984, Mr. Baker filed a *pro se* motion for a transcript of his trial proceedings entitled "Motion to Obtain Certain Designated Records and Documents at Public Expense." The state district judge denied the motion. In support of the denial, the judge determined that Mr. Baker had not requested a transcript at the time he was sentenced and that he had failed to appeal his conviction to the Oklahoma Court of Criminal Appeals.

Mr. Baker sought to have the court reconsider its Order by filing a "Motion for Reconsideration and/or Notice of Intent to Appeal" on May 3, 1984. The defendant stated that, contrary to the district judge's determination, he had requested a transcript after sentencing. He also noted that he was uneducated in this "complex area" of legal pleadings and had been deprived of materials needed to perfect an appeal. *Baker v. State of Oklahoma*, No. CRF–82–2735, at 2 (May 3, 1984) (Motion for Reconsideration and/or Notice of Intent to Appeal). The district judge denied the motion in a one-sentence order stating, "Defendant–Petitioner's motion for reconsideration is denied for no good cause shown in said application." *Baker v. State of Oklahoma*, No. CRF–82–2735 (May 15, 1984) (Order).

Approximately three years later, Mr. Baker finally obtained a transcript, although not at public expense. On April 10, 1987, Mr. Baker wrote to the clerk's office to obtain the transcript of the sentencing proceedings. The transcript was filed five months later. It was apparently paid for by Mr. Baker's now-deceased father.

After receiving the transcript, Mr. Baker continued in his attempts to secure appointed counsel to appeal his burglary conviction. On July 26, 1988, more than five years after his conviction, he filed a "Motion for Out of Time Appeal" in the District Court of Oklahoma County. Mr. Baker maintained that he had "at all times desired to with assistance of counsel perfect and submit an appeal." *Baker v. State of Oklahoma*, No. CRF–82–2735, at 1 (July 26, 1988) (Motion for Out of Time Appeal). He attached the transcript of the sentencing proceedings and highlighted the excerpts in which the court granted his requests for appointed counsel to perfect an appeal and for a transcript at public expense to the extent necessary to take an

appeal. In a letter dated July 28, 1988, the district court clerk wrote Mr. Baker that a hearing for his motion had been set for August 5, 1988. However, the hearing occurred on July 29, 1988. The State of Oklahoma made an appearance, but Mr. Baker was not present. The district court later filed an order denying Mr. Baker's motion.

Ten days later, in his last effort seeking relief in state court, Mr. Baker appealed the denial of his Motion for Out of Time Appeal. The Court of Criminal Appeals of the State of Oklahoma affirmed the district court's denial because Mr. Baker had not filed a notice of intent to appeal his conviction within the ten days provided by state statute.

### B.

On December 13, 1988, Mr. Baker filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1988) in the United States District Court for the Western District of Oklahoma. The petitioner alleged several grounds for which relief should be granted. Mr. Baker argued that he was denied his sixth amendment right to assistance of counsel to perfect an appeal despite the trial court's assurance that counsel would be appointed. Mr. Baker also claimed he was never provided with a transcript at public expense.

The district court denied Mr. Baker's petition. The court characterized Mr. Baker's argument that he had been denied the assistance of counsel to perfect an appeal as the denial of his right to a direct appeal. Because the petitioner had not filed a notice of intent to appeal within the statutory ten-day period, the court found that the petitioner was not entitled to relief. On the second argument, the district court concluded that his failure to pursue a direct appeal "vitiates any cognizable constitutional claim." Record, vol. 1, doc. 28, at 5.

On June 29, 1989, Mr. Baker filed a motion for reconsideration of the denial of his habeas petition. He argued that the district court failed to address his argument that he had been denied his sixth amendment right to assistance of counsel. The district court denied the motion. The court ruled that the petitioner had not been denied the assistance of counsel because the state trial court had provisionally appointed the public defender to provide assistance if he exercised his right to appeal.[1] Because petitioner's counsel (who immediately withdrew) reserved the decision to take an appeal and petitioner did not file a notice of intent to appeal within the statutory ten-day period, the court concluded that his "right to assistance of counsel on appeal was never implicated." Record, vol. 1, doc. 31, at 2.

In this appeal, Mr. Baker argues that he was denied his sixth amendment right to the assistance of counsel during the ten-day period for filing a notice of intent to appeal his burglary conviction. He further contends that he did not waive his right to counsel by not personally filing a proper notice of intent to appeal. The petitioner's final argument is that the state denied him due process of law by denying his motion for an out of time appeal after he did not receive assistance of counsel during the time for perfecting an appeal.

### II.

■ We must first determine whether the sixth amendment right to assistance of counsel applies to the statutory ten-day period for filing a notice of intent to perfect an appeal. An indigent defendant in a criminal trial has the constitutional right to the assistance of counsel. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The right to counsel also extends to a defendant's first appeal as of right. *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).

Earlier decisions of this and other courts have found that the right to counsel applies to the period between the conclusion of

---

1. According to the district court's characterization of the evidence, petitioner did not have appointed counsel to whom he could express his desire to appeal his conviction because counsel would represent him only after petitioner affirmatively, and on his own initiative, chose to exercise his right to appeal.

trial proceedings and the date by which a defendant must perfect an appeal. In *Jackson v. Turner*, 442 F.2d 1303 (10th Cir.1971), a habeas petitioner alleged that defense counsel's failure to perfect an appeal denied him the effective assistance of counsel. We remanded the case for a determination of whether petitioner was advised of his right to appeal, and if so whether he received effective assistance of counsel. *Id.* at 1306. Similarly, in *United States v. Winterhalder*, 724 F.2d 109, 111 (10th Cir.1983), we noted that counsel appointed to represent indigent persons on appeal must perfect an appeal if the client so desires. Implicit in these decisions is our conclusion that the sixth amendment right to counsel applies to the period for perfecting an appeal.

In *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), the Supreme Court held that the Due Process Clause of the fourteenth amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right. Although defense counsel filed a timely notice of appeal from the defendant's drug offense conviction, the Kentucky Court of Appeals granted the State's motion to dismiss because counsel failed to file a "statement of appeal" in accordance with the Kentucky Rules of Appellate Procedure.[2] Counsel's failure to file the "statement of appeal" illustrated that the effective assistance of counsel is needed to "obtain a decision at all—much less a favorable decision—on the merits of the case." *Id.* In reaching this conclusion, the Court implicitly determined that the right to counsel applies to the time period for perfecting an appeal.

In *Nelson v. Peyton*, 415 F.2d 1154 (4th Cir.1969), *cert. denied*, 397 U.S. 1007, 90 S.Ct. 1235, 25 L.Ed.2d 420 (1970), the United States Court of Appeals for the Fourth Circuit explicitly stated what the Supreme Court and this court had previously alluded to. The right to counsel is "required in the hiatus between the termination of trial and the beginning of an appeal in order that a defendant know that he has the right to appeal, how to initiate an appeal and whether, in the opinion of counsel, an appeal is indicated." *Id.* at 1157. Based on these decisions, we conclude that the district court erred when it decided that Mr. Baker's right to counsel was never implicated because he did not express to appointed counsel his decision to appeal.

■ Having determined that petitioner had a constitutional right to counsel during the ten-day period for filing a notice of appeal, we must next decide whether he was denied that right. Mr. Baker was advised of his right to appeal his burglary conviction during the sentencing proceedings. By itself, however, this advice is insufficient to satisfy the right to counsel. *See Jackson v. Turner*, 442 F.2d at 1306. Defense counsel must explain the advantages and disadvantages of an appeal. *See Hannon v. Maschner*, 845 F.2d 1553, 1556 (10th Cir.1988). The attorney should provide the defendant with advice about whether there are meritorious grounds for appeal and about the probabilities of success. *Catches v. United States*, 582 F.2d 453, 455 n. 4 (8th Cir.1978). Counsel must also inquire whether the defendant wants to appeal the conviction; if that is the client's wish, counsel must perfect an appeal. *United States v. Winterhalder*, 724 F.2d at 111; *Jackson v. Turner*, 442 F.2d at 1307.[3]

■ In this case, the state public defender's office did not contact Mr. Baker during the ten-day period in which the notice of appeal was due.[4] Appointed counsel never

---

**2.** The "statement of appeal" should have included, among other things, the names of appellants and appellees, counsel, and the trial judge. *Id.* at 389, 105 S.Ct. at 832.

**3.** If counsel believes the appeal is frivolous, counsel does not have to argue the case, but has the duty to perfect the defendant's right to appeal so that defendant could proceed *pro se*. *Jackson v. Turner*, 442 F.2d at 1307.

**4.** The record indicates that the appellate public defender's office never received the court order appointing counsel. In response to Mr. Baker's letters seeking appellate counsel, the public defender's office explained that they could not provide assistance without an order from the court. Record, Vol. 1, doc. 25, at 2.

advised him of the pros and cons of appealing his conviction, and did not ascertain whether he wanted to appeal. Consequently, Mr. Baker did not receive professional assistance so that he could make an informed decision about whether to pursue a direct appeal. We conclude that the district court's determination that Mr. Baker was not denied the effective assistance of counsel on appeal is clearly erroneous.

Respondent, however, argues that because Mr. Baker reserved the decision to appeal, he waived his right to counsel by failing to contact and direct his court-appointed attorney to file a notice of appeal within the ten-day period. A defendant can waive the right to counsel and conduct an appeal *pro se.* To be valid, however, the waiver must be voluntary, knowing, and intelligent. *United States v. Allen,* 895 F.2d 1577, 1578 (10th Cir.1990). The trial judge must make the defendant aware of the disadvantages of self-representation "so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975) (quoting *Adams v. United States ex rel. McCann,* 317 U.S. 269, 279, 63 S.Ct. 236, 242, 87 L.Ed. 268 (1942)). In addition, this court will indulge in every reasonable presumption against waiver. *Brewer v. Williams,* 430 U.S. 387, 404, 97 S.Ct. 1232, 1242, 51 L.Ed.2d 424 (1977).

At the request of petitioner, counsel was appointed "to appeal this matter to the Court of Criminal Appeals on behalf of Mr. Baker." Excerpt of Sentencing Proceedings, Nov. 17, 1982, at 7. Petitioner was granted a transcript at public expense "to the extent that its deemed necessary to take the appeal." *Id.* at 8. These actions provide a strong indication that petitioner wanted the assistance of counsel to decide whether to perfect an appeal. Mr. Baker's persistent efforts to achieve post-conviction relief further supports this position. That he did not contact his attorney and as-

sumed that appointed counsel would contact him does not suggest that he knowingly and voluntarily waived his right to counsel. Instead, the record demonstrates that Mr. Baker wanted the assistance of counsel to help him decide whether to appeal his conviction. *Cf. Meeks v. Cabana,* 845 F.2d 1319 (5th Cir.1988) (finding that defendant waived right to appeal after court-appointed counsel discussed possibility of appeal on two occasions but defendant stated he did not want to appeal). We thus conclude that Mr. Baker did not waive his sixth amendment right to counsel.

## III.

Petitioner also argues that the denial of an out of time appeal, in light of the violation of his right to counsel, deprived him of his rights under the Due Process Clause of the fourteenth amendment.

In *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), the Supreme Court held that the appellant's first appeal as of right was not adjudicated in accord with due process of law because the appellant did not have the effective assistance of an attorney. In this case, Mr. Baker was denied his right to counsel, yet his Motion for an Out of Time Appeal was overruled. We believe that, like the circumstances in *Evitts,* the refusal of the Oklahoma court to grant Mr. Baker an out of time appeal deprived him of due process of law.

Without the assistance of counsel, Mr. Baker was, in effect, denied an appeal of his burglary conviction. We believe the appropriate remedy is to grant his petition for a writ of habeas corpus unless the Oklahoma state courts provide him with an out of time appeal within a reasonable time. *See Reynolds v. Lockhart,* 497 F.2d 314 (8th Cir.1974); *Joseph v. White,* 404 F.2d 322 (5th Cir.1968). This disposition will vindicate Mr. Baker's constitutional rights and afford him the complete appellate review he would have received but for the denial of his right to counsel.[5]

---

5. Contrary to respondent's proposition, we do not believe the appropriate remedy would be to

remand for an evidentiary hearing to determine whether petitioner waived his right to a direct

We therefore remand this case to the United States District Court for the Western District of Oklahoma and direct that the case be held in abeyance for no longer than ninety days during which time the State of Oklahoma, by whatever procedure it deems appropriate, may grant Mr. Baker leave to appeal out of time and provide him assistance of counsel. If Oklahoma grants leave to appeal out of time, this proceeding shall be dismissed. If the State fails to grant the appeal within ninety days from the date of the issuance of our mandate, the writ shall issue releasing petitioner. *See Goforth v. Dutton,* 409 F.2d 651 (5th Cir.1969).

The order of the district court is REVERSED, and the case is REMANDED.

appeal. Respondent has asserted no facts to raise a question of knowing and voluntary waiv-

er of a direct appeal.