# UNITED STATES COURT OF APPEALS
<u>Filed 6/28/96</u>TENTH CIRCUIT

WILLIAM HENRY JAMERSON,

     Petitioner-Appellant,

v.

DAN REYNOLDS,

     Respondent-Appellee.

Case No. 95-5166

(D.C. 94-C-291-B)
(Northern District of Oklahoma)

---

## ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

Petitioner-appellant William Henry Jamerson, a prisoner in the Oklahoma state correctional system, appeals in forma pauperis from the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] Mr. Jamerson claims that his trial counsel's decision not to file a direct appeal and alleged failure to adequately inform him of his

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

right to appeal constitutes ineffective assistance in violation of his Sixth Amendment right to counsel. The district court denied his petition, citing the finding of the Oklahoma trial court that Mr. Jamerson had waived his right to appeal. Mr. Jamerson then applied to the district court pursuant to 28 U.S.C. § 2253 and Fed. R. App. P. 22(b) for a certificate of probable cause to appeal the denial of his petition for a writ of habeas corpus. The district court entered an order on August 23, 1995, denying the application but granting leave to proceed on appeal in forma pauperis. Mr. Jamerson thereafter filed in this court an application for a certificate of probable cause. For substantially the same reasons set forth in the district court's Order dated August 23, 1995, and because Mr. Jamerson fails to make a substantial showing of the denial of an important federal right by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings, see Barefoot v. Estelle, 463 U.S. 880 (1983), we deny Mr. Jamerson's application for a certificate of probable cause.[2]

---

[2] We note that on April 24, 1996, while this case was pending on appeal, the President signed into law the "Antiterrorism and Effective Death Penalty Act of 1996," Pub. L. No. 104-132, 110 Stat. 1214 (the "Act"). Pursuant to the Act, 28 U.S.C. § 2253 has been amended to require a "certificate of appealability" issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). However, because this standard is at least as stringent as that previously applied by this court for a certificate of probable cause under Barefoot, we need not decide in this case to what extent the amendments to federal habeas corpus review in the Act apply to petitions pending when the Act was signed into law. Our conclusion that Mr. Jamerson's application for a certificate of probable cause is deficient necessarily forecloses the possibility of a certificate of appealability.

# I. BACKGROUND

In 1991, a Tulsa County jury convicted Mr. Jamerson of two counts of rape and one count of robbery, resulting in the imposition of a forty-four year prison sentence. Neither Mr. Jamerson nor his counsel filed a direct appeal. In May 1992, Mr. Jamerson, pro se, filed an application for post-conviction relief in the state district court and requested an appeal out of time, alleging that his attorney had abandoned his appeal without informing him. In response, the State of Oklahoma submitted an affidavit in which Mr. Jamerson's trial attorney stated that he had consulted with Mr. Jamerson concerning a possible appeal and that Mr. Jamerson understood that, absent the re-appearance of a missing alibi witness, his counsel did not believe there was any basis for an appeal. The state district court denied post-conviction relief, finding that Mr. Jamerson had "made a conscious decision not to appeal his case." Rec. doc. 3, Ex. C at 3 ("Order Denying Motion for Production of Documents and Records and Application for Post-Conviction Relief"). The Oklahoma Court of Criminal Appeals affirmed the denial of post-conviction relief. Rec. doc. 3, Ex. E.

# II. DISCUSSION

## A. Ineffective assistance of counsel

In his petition for habeas corpus relief in federal district court, Mr. Jamerson again argued that his counsel had abandoned his appeal in violation of the Sixth Amendment

right to counsel. The right to counsel extends beyond trial and sentencing to the ten-day period for filing a notice of appeal. Baker v. Kaiser, 929 F.2d 1495, 1499 (10th Cir. 1991). To establish ineffective assistance of counsel for failure to perfect an appeal the defendant "must only satisfy the first prong of the . . . test [in Strickland v. Washington, 466 U.S. 668, 688 (1984)]--that counsel's performance fell below an objective standard of reasonableness." Romero v. Tansy, 46 F.3d 1024, 1030 (10th Cir.), cert. denied, 115 S. Ct. 2591 (1995). Resulting "'prejudice is presumed.'" Id. (quoting Hannon v. Maschner, 845 F.2d 1553, 1558 (10th Cir. 1988)). However, counsel's obligations cease if the defendant executes a "voluntary, knowing, and intelligent" waiver of his right to counsel on appeal. Baker, 929 F.2d at 1500.

Here, the federal district court noted that "the state district court expressly found a waiver of [Mr. Jamerson's] appellate rights." Rec. doc. 9 at 6. The federal court correctly held that "[t]he state court's finding of waiver is a factual finding . . . ." Id.; see Meeks v. Cabana, 845 F.2d 1319, 1323 (5th Cir. 1988) (holding that "[t]he state court's finding of waiver [of the right to appeal] involves a pure question of fact"); United States v. Gipson, 985 F.2d 212, 216 (5th Cir. 1993) (holding that the district court's finding of a waiver of the right to appeal constitutes a finding of fact);. It therefore held that this factual determination was "subject to the presumption of correctness under 28 U.S.C. § 2254(d)." Rec. doc. 9 at 6. Finding that Mr. Jamerson had failed to demonstrate that this factual determination was not fairly supported by the evidence in the state record, the

4

federal district court concluded that the absence of an appeal was not the fault of counsel but was a result of Mr. Jamerson's decision to waive the right. Having examined the briefs and the record, we reach the same conclusion.

### B. Effect of the Antiterrorism and Effect Death Penalty Act of 1996

In addition to amending the statutory provisions regarding the standards for granting certificates of probable cause, the Act also amended, inter alia, the provisions of 28 U.S.C. § 2254 that govern federal court review of state court factual determinations in habeas corpus proceedings. See Pub. L. No. 104-132, tit. I, sec. 104(3)-(4), 110 Stat. 1214, 1219 (to be codified at 28 U.S.C. § 2254(d)-(e)). Prior to these amendments, a reviewing federal court could abandon the presumption of correctness if the state court's factual determination was "not fairly supported by the record." 28 U.S.C. § 2254(d)(8) (unamended). By contrast, the new amendments greatly heighten the degree of deference paid to a state court's findings of fact. See Pub. L. No. 104-132, tit. I, sec. 104(3), 110 Stat. at 1219 (to be codified at 28 U.S.C. § 2254 (d)(2)) (providing that a writ of habeas corpus shall not be granted unless the state court's decision "was based on an unreasonable determination of the facts"); id. at sec. 104(4) (to be codified at 28 U.S.C. § 2254(e)(2)(B)) (placing on the applicant the burden to rebut the presumption of correctness by clear and convincing evidence).

The Act, however, does not provide courts with any clear directive as to the

effective date of the provisions relevant to this case.  Cf. Pub. L. No. 104-132, tit. I, sec. 107(c), 110 Stat. 1214, 1226 (expressly providing that special provisions for habeas review of capital cases "shall apply to cases pending on or after the date of enactment of this Act").  It is unclear whether Congress intended that the new, more deferential standard of review should be applied to habeas corpus petitioners in Mr. Jamerson's shoes, whose petitions attacking non-capital convictions were pending when the amendments were enacted.  To date, this lack of clarity has resulted in widespread confusion about the applicability of the amendments to pending cases, as reflected by the differing approaches of the district courts.  See, e.g., United States ex rel. Centanni v. Washington, Nos. 95C7393, 95C7394, 1996 WL 251438, *1 (N.D. Ill. May 8, 1996) (unreported disposition) (reasoning that the express statement that the special provisions for capital cases shall apply to pending cases, contrasted with the lack of a comparable statement for the general habeas provisions, creates an inference that the latter provisions do not apply to pending cases); Houchin v. Zavaras, 924 F. Supp. 115, (D.Colo. 1996) (noting that because "the Act gives no guidance" on the question, "courts are left to speculate" as to whether the general provisions apply to pending cases, and concluding that they do).

However, we need not decide this issue in order to adjudicate the controversy presently before us.  We assume, without deciding, that the pre-enactment law applies.  Because Mr. Jamerson has failed to overcome the presumption of correctness under the

6

pre-amendment standards, which are more favorable to a petitioner, it follows that he would also fail to meet the greater burden imposed by the heightened deference required by the Act. Cf. Stone v. Farley, No. 95-1796, 1996 WL 325937, *3 n.3 (7th Cir. June 14, 1996) ("We need not determine to what extent the Act's amendments to federal habeas review govern cases pending when the Act became effective because we determine that even under the more expansive scope of review prior to the Act, [the appellant] was not entitled to federal habeas corpus relief."). The district court was correct in concluding that the failure to appeal was a result of Mr. Jamerson's decision to waive that right rather than to any constitutional deficiency of counsel. Mr. Jamerson has therefore failed to make a substantial showing of the denial of his right to counsel.

Because Mr. Jamerson has failed to make a such a showing, his petition for a certificate of probable cause is DENIED, and the appeal is DISMISSED.

The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge

7