**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CURTIS NEVELS,

Defendant-Appellant.

No. 96-3389
(D.C. No. 96-3147-EEO)
(D. Kan.)

---

ORDER AND JUDGMENT*

---

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Curtis Nevels appeals the judgment of the district court denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Nevels contends the court erred in denying his claim that his attorney's failure to file a

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

notice of appeal challenging his sentence for distribution of cocaine base violated his Sixth Amendment right to effective assistance of counsel. We affirm.

We reject the government's argument that the appeal must be dismissed for lack of a certificate of appealability. In United States v. Kunzman, 1997 WL 602507 (No. 96-1310 filed October 1, 1997), the court held the defendant did not need a certificate of appealability since she had filed her § 2255 petition in district court prior to enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). As Nevels filed his § 2255 petition on March 18, 1996, the AEDPA does not apply.

In reviewing a district court's denial of habeas corpus relief, we review the district court's legal conclusions de novo and its factual findings for clear error. Thomas v. Kerby, 44 F.3d 884, 886 (10th Cir. 1995). To establish ineffective assistance of counsel, a defendant must show his counsel's performance was constitutionally deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). However, a defendant who claims ineffective assistance of counsel prevented him from filing an appeal need not show prejudice as prejudice is presumed from loss of the right to appeal. See Romero v. Tansy, 46 F.3d 1024, 1030 (10th Cir.), cert. denied 115 S. Ct. 2591 (1995). To establish that counsel's performance was constitutionally deficient, a defendant must show counsel made errors so serious that counsel was not

functioning as required by the Sixth Amendment. A defendant is entitled to reasonably effective assistance within the range of competence demanded of attorneys in criminal cases. A defendant must show the attorney's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. The right to effective assistance of counsel extends to the decision on whether to appeal a conviction or a sentence. See Baker v. Kaiser, 929 F.2d 1495, 1498-99 (10th Cir. 1991). Counsel must explain the advantages and disadvantages of an appeal, advise the defendant as to whether there are meritorious grounds for appeal and the probabilities of success, and ask defendant if he or she wants to appeal. Id. at 1499.

Nevels argues his attorney failed to advise him of the advantages and disadvantages of taking an appeal or of the merits of an appeal. We disagree. The record shows that, at sentencing, Nevels' attorney challenged the two-level enhancement for possession of a firearm sought by the prosecution by cross-examining the undercover agent who testified that Nevels had a firearm during the drug transaction. Nevels' attorney advised him of his right to appeal and told Nevels he did not think he would prevail on appeal, but advised that he would file a notice of appeal if Nevels wanted to pursue an appeal. Based on this advice, Nevels decided not to appeal.

Nevels' attorney adequately advised him of the merits of an appeal. It was highly unlikely that an appeal of the two-level enhancement would have been successful. The district court correctly applied the preponderance of the evidence standard, see United States v. Roberts, 14 F.3d 502, 525 (10th Cir. 1993), and found from the undercover agent's testimony that Nevels had a firearm during the drug transaction. That finding would be subject to reversal on appeal only if it was clearly erroneous. An appellate court will not reverse a finding of fact on sentencing unless it has no support in the record or, after reviewing all of the evidence, the court is firmly convinced an error has been made. See United States v. Ortiz, 993 F.2d 204, 207 (10th Cir. 1993). The willingness of Nevels' attorney to file a notice of appeal despite his opinion that an appeal would be unsuccessful was sufficient to communicate to Nevels that while there were no particular disadvantages to appealing his sentence, the advantages were small because of little likelihood of success. We conclude Nevels received effective assistance of counsel in deciding whether to appeal his sentence. See United States v. Youngblood, 14 F.3d 38 (10th Cir. 1994).

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge