**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 29 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DARRYLE LAWRENCE WILLIAMS,

      Petitioner - Appellant,

v.

RONALD J. CHAMPION;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondents - Appellees.

No. 98-5010

N.D. Oklahoma

(D.C. No. 96-CV-760)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Darryle Lawrence Williams, an Oklahoma state inmate appearing pro se, seeks a certificate of appealability in order to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. He contends that the district court erred in finding that his attorney had no duty to contact him following his entry of a guilty plea and his sentencing.[1] Because Williams has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a certificate of appealability and dismiss the appeal.

**BACKGROUND**

On October 12, 1992, Williams pleaded guilty in Oklahoma state court to kidnaping, lewd molestation, forcible sodomy and assault with intent to rape, and he was convicted and sentenced. The trial court advised him of his right to appeal his conviction, telling him that he must file a motion to withdraw his plea within ten days and request an evidentiary hearing before the trial court. R. Tab 8 at 6-7. Williams contends that two days after entering his plea, he sent to the public

---

[1]Williams also contends that the district court should have considered whether the state court judge properly established the factual basis for his guilty plea. However, he did not timely raise the issue below, so we decline to consider the argument. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).

defender who represented him a note, by which he requested a visit to discuss

withdrawal of his plea.[2]

_____

[2]We observe that Williams' representations regarding this note have not been consistent.  Apparently, in his first pleadings in state court, Williams alleged only that "his requests for assistance from the Tulsa County Public Defender were denied."  R. Tab 7, Ex. A at 1.  Later, in his application for post conviction relief, William specifically claimed that, on October 14, 1992, he sent a note to his attorney which was not answered.  Id., Ex. B at 1-2.  According to that representation, the unanswered note stated that "he wanted to withdraw his guilty plea, and proceed on to trial, because he was innocent of the charges against him."  Id. at 2.  In a subsequent Petition in Error, Williams claimed that he "forwarded _____ to Judy O'Connoll within the 30 day of Judgement and Sentence, seeking to vacate Judgement and withdraw plea.  This letter was not forwarded to [the proper attorney], who had been appointed to represent Mr. Williams, until after the 10 day yet before the 30 day to motion the Court to vacate sentence and withdraw."  Id. Ex. D., ¶ IV (blank line in original).  That pleading also includes an attached copy of a letter dated 10-28-92, in which Williams requested Julia to file an appeal.  Id. Ex. D.  Additionally, the same pleading further states, "[o]n October 12, 1992, Appellant gave his notice of appeal by depositing the same in the institutional mailbox in accordance with the laws and statutes of the State of Oklahoma relating to appeals."  Id. Ex. D, ¶ V.

However, Williams never presented any documentation of the October 14 note or of any other notice of appeal in any of the state court proceedings.  Finally, in this § 2254 action, for the first time, Williams attached an affidavit to his brief below which reiterates his claim that he sent a note to his attorney on October 14, 1992, and which incorporates a copy of that note.  Id. Tab 12.  The attached copy of the note provides as follows: "I would like for you to come visit me here in the Tulsa County Jail about withdrawing my plea of guilty, which I entered this past Monday, Oct. 12, 1992.  I will discuss my reasons for withdrawing the plea when you come up here."  Id.

In his appellate brief to us, Williams claims that his prior failure to provide a copy of the note was due to his having misplaced it among his papers.  Appellant's Br. at 3. Additionally, Williams states that he "didn't know . . . that his attorney was dismissed from the case before the ten day requirement had

(continued...)

-3-

According to Williams, the public defender failed to contact him before he was transported from the jail to prison. Therefore, as soon as possible after his transfer, he sent a "second" letter on October 28, 1992. The public defender replied, advising him that the deadline for perfecting his appeal had passed. Thereafter, on December 29, 1992, Williams filed a pro se motion to withdraw his guilty plea in the trial court, which was denied as untimely. A subsequent petition for a writ of certiorari was also denied. R. Tab 7, Ex. A. Williams then filed an Application for Post-Conviction Relief for an Appeal Out of Time in the trial court, in which he asserted that he was denied an appeal due to the failure of his counsel, and that the state court erred in accepting a guilty plea because no factual basis had been established. Id. Ex. B.

Finding no support for Williams' claim that he was improperly denied an appeal due to his counsel's fault,[3] the court concluded that, during the ten day

---

[2](...continued)
expired and that [the jailer] failed to deposit letter or that letter was lost within the mail system. The fact remains that petitioner was denied a Direct Appeal Through No Fault Of His Own." Id. at 2-3.

[3]The court noted that

other than the self-serving statements of the petitioner, there is nothing to support petitioner's claim that petitioner was denied an appeal through no fault of his own. Attached to the State's Response is an affidavit from petitioner's attorney indicating she has searched her files for any letter from petitioner seeking to withdraw his plea, and the only letter she can find is dated October 28, 1992, which is

(continued...)

period, Williams "made no verifiable attempts and gave no verifiable indications of wanting to contact counsel so as to discuss the possibility and/or perfect an appeal of [his] conviction," nor did he make any "attempts . . . to contact the court." Id. Ex. C at 3. Accordingly, the court found that Williams had been adequately informed of his right to appeal, but he made no attempt to do so during the ten days after he voluntarily and knowingly entered his plea. Id. Williams next filed a Petition in Error in the Oklahoma Court of Criminal Appeals. Id. Ex. D. After fully considering the record, that court stated, "[Williams'] only pertinent argument [below] was that his attorney did not respond to a letter he alleges he sent . . . on October 14, 1992, asking his attorney to file a motion to withdraw his guilty pleas." Id. Ex. E at 1-2. Noting the lower court's specific findings regarding Williams' bald self-serving statements and the attorney's contrary sworn affidavit, the court concluded that "[b]ased upon the record before this Court, we find no reason to disturb the findings of the District Court and conclude that Appellant was not denied an appeal through no fault of his own." Id. at 2.

---

[3](...continued)
well outside the ten day limit.

R. Tab 7, Ex. C at 3.

-5-

Having fully exhausted his state court remedies, Williams then filed this § 2254 habeas action. The matter was referred to a magistrate judge who recommended that the petition be denied. R. Tab 13 at 14. Williams filed objections, disputing the magistrate judge's interpretation of the law. Following a de novo review, the district court adopted and affirmed the magistrate judge's report, and it dismissed the petition. Id. Tab 16.

## DISCUSSION

Williams argues that the state court improperly rejected his appeal, and he contends that the district court should have provided him an evidentiary hearing regarding the validity of the first letter. In its brief below, the State did not raise the issue of any procedural bar to Williams' claim, but rather relied on the state court's express determination on the merits that Williams had not contacted his counsel during the ten day appeal period and the fact that Williams had presented no new argument or facts which suggest that the ruling was erroneous. See generally R. Tab 7 at 3-5.

Pursuant to 18 U.S.C. § 2254(e)(1), the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." The district court concluded that Williams' affidavit and attached

recently discovered copy of the alleged note do not constitute clear and sufficient evidence to "rebut the presumption of correctness which this Court is required to give to State court factual findings." See R. Tab 16 at 6; see also Report & Recommendation, R. Tab 13 at 12-13 (specifically noting discrepancies in Williams' representations regarding the letter). Under the circumstances, including Williams' present concession that his attorney did not receive the note, see infra note 2, we agree.[4]

As his second claim of error, Williams contends that, even if his counsel did not receive the first note, she had a duty to timely contact him following his conviction to advise him about the advantages and disadvantages of appeal. In support, he relies on Baker v. Kaiser, 929 F.2d 1495 (10th Cir. 1991). His reliance is misplaced. As the district court correctly concluded, "Baker addresses a counsel's duties to his client *following a jury trial and conviction*." R. Tab 16 at 4. By contrast, when the conviction stems from a guilty plea, an attorney's duty to consult with the defendant concerning his right of appeal arises only (1) if the defendant asked counsel about the right, or (2) if a claim of error is made on constitutional grounds that could result in setting aside the plea. See Hardiman v.

---

[4]Although the state court's finding concerns an underlying fact which may trigger certain attorney duties, it does not involve matters or procedures which would be necessarily subject to federal collateral review in the sense contemplated by English v. Cody, Nos. 97-5004, 97-5132, ____F.3d_____, 1998 WL 348019 (10th Cir. June 30, 1998) (addressing a state procedural bar).

Reynolds, 971 F.2d 500, 506 (10th Cir. 1992) (quoting Laycock v. New Mexico, 880 F.2d 1184, 1187-88 (10th Cir. 1989)). The state court's factual finding effectively eliminates the first exception. As to the second exception, we agree with the district court that Williams has not alleged a constitutional claim of error that could result in setting aside his guilty plea.

Inasmuch as Williams has failed to make a "substantial showing of the denial of a constitutional right," we DENY his request for a certificate of appealability and DISMISS this appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge