UNITED STATES of America,
Plaintiff,

v.

Cory E. BROWN, Defendant.

Nos. 97–40096–01, 98–3380–RDR.

United States District Court,
D. Kansas.

Sept. 2, 1999.

Chris N. Cowger, Topeka, KS, Matthew B. Works, P.A., Topeka, KS, for Defendant.

Corey E. Brown, El Reno, CO, pro se.

Thomas G. Luedke, Office of United States Atty., Topeka, KS, for U.S.

### ORDER

ROGERS, District Judge.

This matter is presently before the court upon defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The defendant seeks to vacate his sentence in this case, contending that his appointed counsel failed to file a timely appeal directed at certain sentencing issues after he directed him to do so. The court has conducted an evidentiary

hearing on this motion and is now prepared to rule.

On May 14, 1998, the court sentenced the defendant following his guilty pleas to robbery of a post office in violation of 18 U.S.C. § 2114 and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Matt Works represented the defendant during these proceedings. On September 15, 1998, the defendant, through Mr. Works, moved to file an appeal out of time. This motion was denied on October 1, 1998. Thereafter, the defendant, proceeding *pro se*, filed the instant motion. In this motion, he contends that Mr. Works failed to file a timely appeal after he directed him to do so. He further suggests that the court erred in several respects concerning his sentencing. In response, the government contends that the sentencing issues raised by the defendant are barred because they should have been raised on direct appeal. The government indicates in its brief that the defendant's appointed counsel has indicated that the defendant did not request that an appeal be filed until two months after he was sentenced.

Having carefully considered the evidence presented at the hearing, the court is now prepared to issue the following findings of fact and conclusions of law.

FINDINGS OF FACT

1. On May 14, 1998, the court sentenced the defendant. He had previously entered guilty pleas to robbery of a post office in violation of 18 U.S.C. § 2114 and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Prior to sentencing, the government had raised one objection to the presentence report. The defendant had raised five objections.

2. During sentencing, the court granted the government's objection in part and denied it in part. The government had sought a four-level enhancement for the defendant's role in the offense. The court determined that a two-level enhancement was appropriate under U.S.S.G. § 3B1.1(c). The court denied the objections raised by the defendant. As a result of these rulings, the court enhanced the defendant's offense level by six levels pursuant to U.S.S.G. § 2B3.1(b)(2)(B) and by two levels pursuant to U.S.S.G. § 2B3.1(b)(4)(B). The court also rejected the defendant's argument that he was entitled to a two-level reduction for minor role in the offense pursuant to U.S.S.G. § 3B1.2(b).

3. The court eventually sentenced the defendant to a term of imprisonment of ninety-six months after considering a motion for substantial assistance pursuant to U.S.S.G. § 5K1.1 filed by the government.

4. The defendant was upset with the length of his term of imprisonment. Immediately following sentencing, he expressed his concern to his attorney, Matthew Works. He told Mr. Works that he wanted to file an appeal. Mr. Works told the defendant that he believed the defendant had received the benefit of the bargain he had made with the government. Mr. Works told the defendant that he should not appeal.

5. The defendant remained unconvinced that he had received an appropriate sentence. He attempted to contact Mr. Works. Initially, he was unable to reach him. The defendant then contacted his grandmother who subsequently informed Mr. Works that the defendant wanted to see him. The defendant and Mr. Works met again within three weeks after sentencing. The defendant again told Mr. Works that he wanted to appeal his sentence. Again, Mr. Works informed him that he thought the sentence was a fair one.

6. The judgment was filed on May 29, 1998, approximately two weeks after the court had imposed its sentence.

7. In late June, the defendant again contacted Mr. Works with the same complaints about his sentence. He inquired if an appeal had been taken. Mr. Works informed him that it was too late to file an appeal.

8. On September 15, 1998, Mr. Works filed a motion to allow an appeal out of

time. The motion failed to provide any specific basis for the motion. On October 1, 1998, the court denied the motion as untimely.

9. On November 16, 1998, the defendant, proceeding *pro se,* filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. In this motion, he contended that he had timely directed his appointed attorney to file an appeal and he had not done so.

CONCLUSIONS OF LAW

 1. Persons convicted in federal district courts have a right to a direct appeal. *Coppedge v. United States,* 369 U.S. 438, 441–42, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). The Sixth Amendment right to counsel extends to the direct appeal, *Douglas v. California,* 372 U.S. 353, 357–58, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), and obligates the attorney to render effective assistance on appeal. *Evitts v. Lucey,* 469 U.S. 387, 396–97, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). When the attorney fails to file a direct appeal without a defendant's express waiver or abandonment of his right to appeal, the defendant is entitled to relief without consideration of the issues he seeks to raise because prejudice is presumed. *Rodriquez v. United States,* 395 U.S. 327, 329–30, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *Romero v. Tansy,* 46 F.3d 1024, 1030–31 (10th Cir.1995). As explained in *Romero:*

> The Sixth Amendment's guarantee of effective counsel requires that counsel explain the advantages and disadvantages of an appeal, advise the defendant as to whether there are meritorious grounds for an appeal, and inquire whether the defendant wants to appeal his conviction.... Counsel retains these obligations unless defendant executes a "voluntary, knowing, and intelligent" waiver of his right to counsel on appeal.... And a defendant's failure to contact counsel does not suggest that he knowingly and voluntarily waived his right to counsel.

46 F.3d at 1031 (citations and internal quotations omitted); *see also Hardiman v.*

*Reynolds,* 971 F.2d 500, 506 (10th Cir. 1992) ("Merely advising a defendant of his right to appeal is insufficient to satisfy the right to counsel."); *Baker v. Kaiser,* 929 F.2d 1495, 1499–1500 (10th Cir.1991) (attorney was constitutionally ineffective where he "never advised [the defendant] of the pros and cons of appealing his conviction, and did not ascertain whether he wanted to appeal").

 2. The court concludes, based upon an evaluation of all the evidence presented at the hearing, that the defendant did direct Mr. Works to file an appeal and he failed to do so. The direction to Mr. Works may not have been entirely clear, and Mr. Works may have believed that the defendant accepted his advice that an appeal should not be filed. Nevertheless, we are persuaded that the direction was sufficiently clear to require Mr. Works to file an appeal. Mr. Works failed in his responsibility to determine if the defendant knowingly and voluntarily waived his right to appeal.

3. The court need not reach the merits of the arguments that the defendant might have made on appeal since prejudice is presumed. The proper remedy is to vacate the defendant's sentence and allow him to be resentenced so that he may perfect an appeal. *See United States v. Moore,* 83 F.3d 1231, 1233 (10th Cir.1996).

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be hereby granted. The sentence imposed by the court on May 14, 1998 is hereby vacated. The court directs the probation office to prepare an amended presentence report and allow both sides the opportunity to file objections to it. The court shall conduct the resentencing of the defendant on November 3, 1999 at 9:30 a.m.

**IT IS SO ORDERED.**