FILED
United States Court of Appeals
Tenth Circuit

**April 5, 2013**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAUMON MONDELL OKYERE, SR.,

     Petitioner - Appellant,

v.

JAMES RUDEK, Warden,

    Respondent - Appellee.

No. 12-5214
(D.C. No. 4:09-CV-00335-TCK-TLW)

---

**ORDER**

---

Before **HARTZ**, **O'BRIEN** and **GORSUCH**, Circuit Judges.

---

This matter is before the court on petitioner's *Motion Challenging Order Denying Certificate of Appealability,* which we have construed as a petition for panel rehearing. *See* Fed. R. App. P. 40. As construed, and upon consideration, the petition is granted in part to the extent of the amendments contained in the *Order Denying Certificate of Appealability* which is attached to this order. The petition for panel rehearing is otherwise denied. The clerk is directed to issue the new Order forthwith.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

April 5, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JAUMON MONDELL OKYERE, SR.,

Petitioner - Appellant,

v.

JAMES RUDEK, Warden,

Respondent - Appellee.

No. 12-5214

(N.D. Oklahoma)

(D.C. No. 4:09-CV-00335-TCK-TLW)

---

## ORDER DENYING CERTIFICATE OF APPEALABILITY

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

We grant the petition for rehearing in part and substitute this for our prior order.

Applicant Jaumon Mondell Okyere, an Oklahoma state prisoner, filed a pro se

application for relief under 28 U.S.C. § 2254 in the United States District Court for the

Northern District of Oklahoma. The district court denied his application. Proceeding pro

se and *in forma pauperis*, Applicant now seeks a certificate of appealability (COA) from

this court to allow him to appeal the district court's decision. *See* 28 U.S.C. §

2253(c)(1)(A) (requiring COA to appeal denial of § 2254 relief). We deny the

application for a COA and dismiss the appeal.

## I.    BACKGROUND

After a jury convicted Applicant of first-degree murder and child neglect, he was

sentenced to life imprisonment without parole on the murder count and to 25 years' imprisonment on the child-neglect count. On direct appeal the Oklahoma Court of Criminal Appeals (OCCA) affirmed the murder conviction but reversed the child-neglect conviction. Applicant unsuccessfully sought postconviction relief in Oklahoma court.

Applicant then filed his § 2254 application, raising seven claims that had been rejected by the OCCA on direct appeal: (1) ineffective assistance of counsel; (2) improper denial of the public defender's motion to withdraw based on a conflict of interest arising because another attorney in the public defender's office had earlier represented Applicant's codefendant; (3) improper testimony of a representative of U.S. Cellular beyond his field of expertise; (4) cumulative error; (5) improper excusal of jurors for cause without inquiring why they felt that they could not be fair; (6) improper jury instruction that Applicant's trial witnesses had given prior inconsistent statements; and (7) repeated improper grants of the state's motions to continue over Applicant's objection. Applicant raises the first four claims in this court.

Applicant also filed what the district court construed as a motion to file an amended § 2254 application (the Proffered Application) raising additional claims. The court ruled that the additional claims would be procedurally barred because Applicant had not timely appealed to the OCCA the state district court's denial of the claims in Applicant's state postconviction proceedings, but it gave Applicant an opportunity to overcome the bar by showing cause and prejudice or a fundamental miscarriage of justice. Applicant responded by (1) claiming that state officials had interfered with inmate mail,

thereby causing the untimeliness of his state-court appeal, and (2) asserting actual innocence. The district court, however, found that Applicant's evidence purporting to show interference did not rebut by clear and convincing evidence the state court's finding that he "'was not denied a timely appeal through no fault of his own.'" Order at 1–2, *Okyere v. Rudek*, No. 09-CV-335-TCK-TLW (N.D. Okla. Feb. 28, 2011). And it found that Applicant had not made an adequate showing of actual innocence. The court therefore denied the motion to file the Proffered Application. In this court, Applicant again asserts (1) that interference by state officials or prison authorities with inmate mail denied him his right to appeal the trial court's rejection of his collateral attack and (2) that there was insufficient evidence to corroborate his accomplice's testimony and therefore insufficient evidence of guilt (one of the claims raised in his Proffered Application).

## II.     DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [application] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable

3

. . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [Applicant's] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

The district court carefully considered the four claims that had been properly raised in state court. First, the district court concluded that Applicant was not denied effective assistance of counsel because Applicant had failed to show "that the result of his trial would have been different but for trial counsel's alleged deficient performance." R., Vol. II at 489 (Op. & Order at 21, *Okyere v. Rudek*, No. 4:09-CV-00335-TCK-TLW (N.D. Okla. Dec. 7, 2012), ECF No. 68). *See Strickland v. Washington*, 466 U.S. 668, 691–92 (1984). Second, the court ruled that the trial court adequately inquired into the alleged conflict of interest and properly concluded, based on assurances from the public

4

defender, that there would be no actual conflict of interest. Third, the court held that the OCCA did not unreasonably apply federal constitutional law in holding that the challenged witness, an engineer with six years' experience at U.S. Cellular, was qualified to testify about cell-tower routing. And fourth, the court ruled that there was no cumulative error because there were not multiple errors. Reasonable jurists would not debate the district court's dismissal of these claims.

In addition, the district court was clearly correct in ruling that Applicant had not established a ground for overcoming the procedural default of the claims raised in his Proffered Application. Therefore, reasonable jurists would not debate the district court's denial of leave to file the Proffered Application, which included Applicant's claim of insufficient evidence of guilt.

## III. CONCLUSION

We DENY Applicant's Motion of January 28, 2013, and his application for a COA, and we DISMISS the appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

5