FILED
United States Court of Appeals
Tenth Circuit

November 8, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Petitioner - Appellant,

v.

OSCAR REYES-ESPINOZA,

Respondent - Appellee.

No. 18-2064
(D.C. Nos. 2:16-CV-01408-KG-LF &
2:15-CR-01399-KG-1 )
(D. New Mexico)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **McHUGH,** and **CARSON**, Circuit Judges.

Oscar Reyes-Espinoza seeks to appeal from the district court's denial of his 28

U.S.C. § 2255 petition for post-conviction relief. Construing his notice of appeal as an

application for a certificate of appealability ("COA"), we deny his application and

dismiss this appeal.

### I. BACKGROUND

Mr. Reyes-Espinoza pleaded guilty to illegal entry after deportation but did so

without the benefit of a plea agreement. At his change-of-plea hearing, he disputed an

---

[*]This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

element of the crime, claiming that there was a "possibility" that he is a United States citizen. ROA, Vol. 1 at 56. He asserted that his stepfather had tried to adopt him, but he acknowledged that he could not provide any proof that the adoption had gone through or that he had obtained United States citizenship. The magistrate judge taking his plea responded by explaining the consequences of pleading guilty: "You do understand that . . . once I accept your plea and you're sentenced you're going to be deported." *Id.* at 57. Mr. Reyes-Espinoza replied that he did understand and explained that he would "rather be deported and try to get all of [his] legal matters the right way." *Id.* Apparently trying to clarify, the magistrate then inquired, "right now you're a Mexican citizen until you prove you're a US citizen, is that about it?" *Id.* Mr. Reyes-Espinoza responded in the affirmative.

At sentencing, the Presentencing Report calculated the advisory guideline range at 77 to 96 months, and neither party objected to that calculation. But the sentencing court determined the PSR "overrepresented the seriousness of [Mr. Reyes-Espinoza's] criminal history" and departed downward to a range of 57 to 71 months, ultimately sentencing him to 57 months in prison. *Id.* at 91. After sentencing, Mr. Reyes-Espinoza's attorney followed him back to his holding cell and "explained to him the significance of the district judge's downward departure." *Id.* at 96. The attorney then "discussed with [Mr.] Reyes-Espinoza his appellate rights and offered to file a notice of appeal on his behalf," but Mr. Reyes-Espinoza did not respond or instruct his attorney to file an appeal. *Id.* at 96–97. Before he left, the "attorney asked [Mr.] Reyes-Espinoza if he had any other

questions, thoughts or concerns, and made sure that [Mr.] Reyes-Espinoza knew how to contact him if necessary." *Id.* at 97.

Mr. Reyes-Espinoza then filed a timely petition for post-conviction relief under 28 U.S.C. § 2255. He raised several claims for relief, but the only one maintained on appeal is a claim of ineffective assistance of counsel, specifically that Mr. Reyes-Espinoza's attorney failed to adequately consult with him about an appeal, violating *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).[1] Mr. Reyes-Espinoza claimed that his attorney's consultation outside of his holding cell was inadequate because the attorney was obligated "to demand a response" from Mr. Reyes-Espinoza and "to inform Mr. Reyes[-Espinoza] that in the absence of a response he would not file the appeal." *Id.* at 105. The district court disagreed, concluding that "[t]hese facts make clear that the attorney adequately 'consulted' with [Mr.] Reyes-Espinoza about an appeal under

---

[1] Initially, Mr. Reyes-Espinoza's ineffective assistance claim was based on a failure to appeal. He claimed that he had asked his attorney to file an appeal and the attorney failed to do so. But the magistrate judge held an evidentiary hearing on the issue and found that Mr. Reyes-Espinoza did not request an appeal. Despite the failure-to-consult claim not being raised, the magistrate judge addressed both the failure-to-appeal and failure-to-consult claims in its recommendation to the district court. When the district court accepted the magistrate's recommendation, it too explicitly addressed the failure-to-consult claim. Because the failure-to-consult claim was "passed upon below," it is preserved and properly before us on appeal. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below."); *United States v. Taylor*, 715 F. App'x 740, 740 (9th Cir. 2018), *reh'g denied* (May 2, 2018), *cert. denied*, 2018 WL 3660148 (U.S. Oct. 1, 2018) ("Despite Taylor's failure to object to the admissibility of the statements in his pretrial Motion in Limine, because the district court explicitly ruled on the admissibility of Taylor's statements, we review *de novo*.")

[*Flores-Ortega*]." *Id.* at 114. The district court dismissed Mr. Reyes-Espinoza's § 2255 petition and declined to issue a COA. Mr. Reyes-Espinoza then brought this appeal.

## II.    ANALYSIS

Because the district court denied a COA, we lack jurisdiction to consider the merits of Mr. Reyes-Espinoza's appeal unless we issue a COA. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). And we will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Okyere v. Rudek*, 732 F.3d 1148, 1149 (10th Cir. 2013) (quoting 28 U.S.C. § 2253(c)(2)). That standard requires "showing that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 petition] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* at 1149–50 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where, as here, the "district court has rejected the constitutional claims on the merits, the showing required . . . is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Mr. Reyes-Espinoza filed an opening brief challenging portions of the district court's decision but did not file an application for a COA. In such cases, we construe the notice of appeal as a request for a COA, *Frost v. Pryor*, 749 F.3d 1212, 1222 n.6 (10th Cir. 2014); *see also United States v. Gordon*, 172 F.3d 753, 753–54 (10th Cir. 1999) (citing Fed. R. App. P. 22(b)(2)), limited to the issue raised in the opening brief, *see United States v. Neighbors*, 607 F.

4

App'x 795, 797, 800 n. 4 (10th Cir. 2015) (noting that issues that are "not argued in [the] opening brief" are abandoned).

On appeal, Mr. Reyes-Espinoza raises only a failure-to-consult claim under *Strickland v. Washington*, 466 U.S. 668 (1984) and *Flores-Ortega*, 528 U.S. 470, asserting that his counsel was deficient because he failed to adequately consult Mr. Reyes-Espinoza about an appeal. Under *Flores-Ortega*, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." 528 U.S. at 480. Mr. Reyes-Espinoza thus raises two issues in support of his claim on appeal: first, whether there was a nonfrivolous ground for appeal, and second, whether Mr. Reyes-Espinoza's attorney adequately consulted with him by making "reasonable effort[s] to discover [his] wishes." *See* Pet'r's Br. at 16, 19, 21. Under *Strickland*, Mr. Reyes-Espinoza is required to show that his counsel's performance was deficient and that he was prejudiced by that deficiency. 466 U.S. at 687. Thus, overlaying the COA and *Strickland* standards, Mr. Reyes-Espinoza must show that a reasonable jurist could debate that his attorney's consultation "fell below an objective standard of reasonableness" when he failed to demand a response from Mr. Reyes-Espinoza about an appeal. *See id.* at 688. Even assuming Mr. Reyes-Espinoza had nonfrivolous grounds to appeal, he cannot make that showing.

5

Mr. Reyes-Espinoza's fundamental claim is that "[i]f the consultation regarding the appeal does not include a request for direction from the defendant, then it is not a consultation." Pet'r's Br. at 22. Seemingly in support of this definition of a consultation, Mr. Reyes-Espinoza cites *Baker v. Kaiser*, 929 F.2d 1495 (10th Cir. 1991). There, we held that counsel adequately advises a client of her appellate rights by, among other things, "inquir[ing] whether the defendant wants to appeal the conviction; if that is the client's wish, counsel must perfect an appeal." *Baker*, 929 F.2d at 1499. Mr. Reyes-Espinoza's argument assumes that an offer to appeal, as made here, is not an inquiry into the defendant's desire to appeal. Adopting this approach would require the courts to police the precise phrasing used by attorneys when they speak with their clients. *Strickland* does not permit this level of judicial scrutiny. *See* 466 U.S. at 689. Instead, our review is "highly deferential," avoiding the "tempt[ation] . . . to second-guess counsel's assistance" and the "distorting effects of hindsight." *Id.*

Under the circumstances—after a guilty plea and a significant downward departure from the Guidelines sentencing range—counsel adequately consulted by explaining the advantages and disadvantages of an appeal, offering to file that appeal, and, when he received no response, asking if Mr. Reyes-Espinoza had any further questions. He was not required to demand a response from Mr. Reyes-Espinoza or to phrase his offer as a yes-or-no question. Under *Strickland*'s forgiving standard and these facts, we conclude that no reasonable jurist could debate that Mr. Reyes-Espinoza's attorney adequately consulted with him about an appeal.

### III. CONCLUSION

For the reasons stated, we deny Mr. Reyes-Espinoza's COA application and dismiss his appeal.

Entered for the Court


Carolyn B. McHugh
Circuit Judge