EBEL, Circuit Judge.
Lawrence Herring appeals from the denial by the district court of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. We granted a certificate of appealability to determine whether the district court erred in denying, without a hearing, Herring's claim that his trial counsel's failure to consult with him about an appeal constituted ineffective assistance of counsel.[1] We exercise *1106 jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). We conclude that the district court abused its discretion under 28 U.S.C. § 2255(b) by failing to hold an evidentiary hearing to resolve Herring's section 2255 motion because the record does not "conclusively show" that Herring is entitled to no relief. Thus, we VACATE the district court's dismissal of Herring's motion and REMAND for an evidentiary hearing.
I. BACKGROUND
On May 2, 2016, Herring pled guilty to one count of possession of child pornography pursuant to a plea agreement, which included a waiver of many of Herring's appeal rights, except for his ability to appeal claims of ineffective assistance of counsel. In exchange for Herring's guilty plea, the government agreed to recommend at sentencing a term of incarceration at the low end of the Sentencing Guideline range, which was 78-97 months. The district court sentenced Herring to sixty months' imprisonment. At the sentencing hearing, the district court advised Herring that, despite waiving many of his appellate rights through the plea agreement, he retained the right to appeal under very narrow circumstances. The district court informed Herring that any notice of appeal he wished to file was due fourteen days after the entry of judgment and that, if he requested it, the Clerk of Court would prepare and file a notice of appeal on his behalf. Finally, the district court explained that the court could appoint an attorney for Herring on appeal if he could not afford one.
Judgment was entered in Herring's case on May 5, 2016. That same day, Herring met with his trial counsel. In his section 2255 motion, Herring alleged that he told his attorney "specifically that he wanted to appeal his case," Aplt. Appx. at 34. (Although he concedes on appeal that he did not explicitly command his attorney to file a notice of appeal.) According to the motion, in response, Herring's attorney said that "he did not do appellate work and that he would not be able to do it. ... [Herring's trial counsel] flatly stated [that Herring] had waived [his] right to appeal in the plea agreement and offered no further options other than to contact another attorney." Id. at 18. Furthermore, Herring alleged that his attorney never told him that "there was no merit to appealing his case" nor offered any other "advice regarding appealing" besides referring Herring to other attorneys. Id. at 35.
The trial counsel's account of what happened on May 5 appears in his affidavit in the record. There, he describes the exchange as follows:
I told Mr. Herring that I do not do any appellate work and that he would need to find another attorney on or about May 5, 2016. I sent a request out to a Utah Association of Criminal Defenders Lawyers forum requesting appellate attorneys on or about May 5, 2016. I received a list of attorneys who had Federal appellate expertise. I gave that list to him, and I discussed the case with one of those attorneys, Ann Marie Taliaferro. She indicated that my advice was correct, and he had no appellate rights he could use. I was never asked by Mr. Herring to file an appeal on his behalf.
Id. at 32-33 (formatting removed). Soon after their May 5 conversation, the attorney mailed Herring a list of three appellate attorneys for Herring to contact. The trial counsel had no contact with Herring after that point. Herring did not contact any of the attorneys on the list nor the district court to seek the appointment of counsel nor the Clerk of Court to request that the Clerk file his notice of appeal. The deadline for filing a notice of appeal came and went, and Herring never filed.
*1107 Herring subsequently filed a 28 U.S.C. § 2255 motion pro se,[2] claiming his attorney was ineffective for failing to consult with him about the advantages and disadvantages of filing an appeal.[3] The district court dismissed Herring's motion without holding an evidentiary hearing. Herring appeals, arguing that he was entitled to a hearing and that the district court wrongly decided the merits of his ineffective assistance of counsel claim.
Section 2255(b) instructs district courts: "[u]nless the [2255] motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Ordinarily, when reviewing the denial of a section 2255 motion, "we review for clear error the district court's factual findings, and we review legal conclusions de novo." United States v. Mora, 293 F.3d 1213, 1216 (10th Cir. 2002). However, when a district court refuses to grant an evidentiary hearing and denies a section 2255 motion, our review proceeds in two steps. Weeks, 653 F.3d at 1200. First, we ask whether the defendant's allegations, if proved, would entitle him to relief, id., an inquiry we conduct de novo, United States v. Rushin, 642 F.3d 1299, 1302 (10th Cir. 2011). If so, we then determine whether the denial of the evidentiary hearing constituted an abuse of discretion. Weeks, 653 F.3d at 1200 ; see also United States v. Estrada, 849 F.2d 1304, 1305 (10th Cir. 1988). Here, we hold that, if true, the facts Herring alleged in his section 2255 motion to support his ineffective assistance of counsel claim would entitle him to relief. Therefore, the record does not "conclusively show" that Herring is entitled to no relief, 28 U.S.C. § 2255(b), and, accordingly, the district court abused its discretion by failing to hold an evidentiary hearing to resolve Herring's section 2255 motion. Accordingly, we VACATE the district court's dismissal of Herring's motion and REMAND for an evidentiary hearing.
II. DISCUSSION
A. If proved, Herring's ineffective assistance of counsel allegations would entitle him to relief
We first consider whether Herring articulated facts in his section 2255 motion that, if proven, would entitle him to relief. See Weeks, 653 F.3d at 1200-02. Herring argues that his attorney rendered ineffective assistance by failing to consult with him about the advantages and disadvantages of filing an appeal. To establish ineffective assistance of counsel, a movant must show (1) that counsel's representation was deficient because it "fell below an objective standard of reasonableness" and (2) that counsel's "deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The allegations in Herring's motion establish that his attorney's performance fell below an objective standard of reasonableness and that his deficient performance prejudiced Herring.
1. Deficient Performance
First, the allegations in Herring's motion demonstrate that his attorney was obligated to consult with him regarding *1108 the advantages and disadvantages of filing an appeal but failed to perform that consultation adequately. The Supreme Court has held that, in some circumstances, an attorney is constitutionally required to "consult" with his or her criminal-defendant client about appealing. Roe v. Flores-Ortega, 528 U.S. 470, 478-80, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). The Court has defined "consult" as "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Id. at 478, 120 S.Ct. 1029. Specifically,
counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights.
Id. at 480, 120 S.Ct. 1029. In Flores-Ortega, the Supreme Court gave two examples of when it would be reasonable for an attorney not to consult a client about appealing. First,
suppose that a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal. Under these circumstances, it would be difficult to say that counsel is "professionally unreasonable," as a constitutional matter, in not consulting with such a defendant regarding an appeal.
Id. at 479, 120 S.Ct. 1029 (emphasis added). Second,
suppose a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult. In some cases, counsel might then reasonably decide that he need not repeat that information.
Id. at 479-480, 120 S.Ct. 1029.
Thus, under Flores-Ortega, a criminal defendant's trial counsel is constitutionally obligated to advise the defendant "about the advantages and disadvantages of taking an appeal, and mak[e] a reasonable effort to discover the defendant's wishes ... when there is reason to think either (1) that a rational defendant would want to appeal ... or (2) that [the attorney's particular client] reasonably demonstrated to counsel that he was interested in appealing." Id. at 480, 120 S.Ct. 1029. The failure to consult under either of those scenarios constitutes deficient performance. Here, Herring's allegations demonstrate that his attorney was obligated to consult about appealing in this case. Herring alleged that he "told [his trial counsel] specifically that he wanted to appeal his case." Aplt. Appx. at 34. Similarly, the district court found that "the evidence *1109 show[ed] that Petitioner expressed interest in an appeal." Dist. Ct. Op. at 3. Both Herring's allegation and the district court's finding are sufficient to show that Herring "reasonably demonstrated to counsel that he was interested in appealing," Flores-Ortega at 480, 120 S.Ct. 1029, which triggered the duty to consult.
The government argues that, in order to determine whether a defendant expressed an interest in appealing to his trial counsel, courts should consider the factors listed in Flores-Ortega, such as "whether the conviction follows a trial or a guilty plea," "whether the defendant received the sentence bargained for as part of the plea," and "whether the plea expressly reserved or waived some or all appeal rights." Id. at 480, 120 S.Ct. 1029. However, those factors can be overridden in a case like this one, where the defendant expressly stated an interest in appealing to his trial counsel. See id. at 486, 120 S.Ct. 1029 ("To prove deficient performance, a defendant can rely on evidence that he sufficiently demonstrated to counsel his interest in an appeal."). Because Herring's allegations show that he reasonably demonstrated to his attorney that he was interested in appealing, his trial counsel had a duty to advise him adequately.
According to Herring's motion, his trial counsel failed to discharge that duty under Flores-Ortega, because he neither advised Herring "about the advantages and disadvantages of taking an appeal," nor "ma[de] a reasonable effort to discover the defendant's wishes." Id. at 478, 120 S.Ct. 1029. Herring alleged in his motion that, after he told his attorney he was interested in appealing, his attorney said only that he "did not do any appellate work and that [Herring] would need to find another attorney." Aplt. Appx. at 32. Herring's attorney "never told Petitioner that there was no merit to appealing his case. He offered no advice regarding appealing at all other than to refer Petitioner to someone else." Id. at 35. Instead of advising Herring on the advantages and disadvantages of filing an appeal, Herring's trial counsel told him only that he would have to find a new attorney if he wanted appellate advice.
If true, that conduct constitutes a failure to consult about an appeal under Flores-Ortega. See Hudson v. Hunt, 235 F.3d 892, 894, 896 (4th Cir. 2000) (holding that Strickland violated where, immediately after his conviction by a jury, defendant asked counsel "whether or not he could appeal," and trial counsel merely informed defendant that they did not do appellate work and would not appeal his case, and counsel did not discuss the "costs and benefits" of an appeal). Trial attorneys cannot outsource their constitutional obligation to advise their clients about filing an appeal nor their duty to make a reasonable effort to discover their clients' wishes. Once the duty to consult is invoked by a defendant expressing interest in appealing, trial attorneys must properly advise their client and assess their client's wishes before withdrawing from the case. See Stds. for Crim. Justice § 21-2.2 cmt. (Am. Bar Ass'n 1980) ("Regardless of whether trial counsel will also represent the defendant on appeal, there is the continuing responsibility of trial counsel to provide assistance to a client beyond entry of final judgment in the trial court."); see also Garza v. Idaho, --- U.S. ----, 139 S. Ct. 738, 745-746, 203 L.Ed.2d 77 (2019) (holding analogously that when a defendant explicitly asks his or her attorney to file an appeal, the attorney must file the notice of appeal prior to withdrawing from the case). According to Herring's allegations, his attorney refused to provide that counsel in this case.
The government argues that Herring's attorney was relieved of advising Herring about filing an appeal in this case *1110 because Herring received detailed information about his right to appeal from the district court, citing the Supreme Court's suggestion in Flores-Ortega that when "a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult ... counsel might then reasonably decide that he need not repeat that information." 528 U.S. at 479-480, 120 S.Ct. 1029. However, in this case, the district court's statements at the sentencing hearing about Herring's ability to appeal were not specific enough to substitute for counsel's duty to consult with Herring. The district court advised Herring of his appeal rights in general terms, but it did not explain the details of the specific plea agreement that Herring signed. For example, the court did not mention that Herring specifically preserved his right to appeal claims of ineffective assistance of counsel. Explaining the advantages and disadvantages of filing an appeal need not impose a great burden on counsel. However, that conversation, at the very least, must explain what claims-if any-the defendant is entitled to appeal and the strength and weaknesses of those arguments. Baker v. Kaiser, 929 F.2d 1495, 1499 (10th Cir. 1991) (holding that defense counsel who was obligated to explain "the advantages and disadvantages of an appeal" to defendant was required to provide the defendant "with advice about whether there are meritorious grounds for appeal and about the probabilities of success").[4] According to Herring's allegations, neither his trial counsel nor the district court explained those details to Herring. Therefore, Herring's allegations, if proved, are sufficient to demonstrate that his trial counsel's performance was constitutionally deficient.[5]
2. Prejudice
The allegations in Herring's section 2255 motion also demonstrate that Herring was prejudiced by his attorney's deficient performance. To show prejudice in a failure-to-consult case, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Flores-Ortega, 528 U.S. at 484, 120 S.Ct. 1029. When a defendant makes that showing, we presume prejudice without requiring any "further showing from the defendant of the merits of his underlying claims." Id. That presumption applies even when the defendant signs an appeal waiver in the course of pleading guilty. Garza, 139 S. Ct. at 742.
In Flores-Ortega, the Supreme Court provided guidance on how to determine whether there is a reasonable probability that a defendant would have timely appealed had he been properly advised by his attorney. First, "evidence that there *1111 were nonfrivolous grounds for appeal ... will often be highly relevant," Flores-Ortega, 528 U.S. at 485, 120 S.Ct. 1029, but "a defendant's inability to 'specify the points he would raise were his right to appeal reinstated,' will not foreclose the possibility that he can satisfy the prejudice requirement where there are other substantial reasons to believe that he would have appealed."[6] Id. at 486, 120 S.Ct. 1029. The Court emphasized that it is especially unfair to require indigent and pro se defendants to demonstrate the merit of a potential appeal "before any advocate has ever reviewed the record in his case." Id. Finally, evidence that "the defendant in question promptly expressed a desire to appeal" is also "highly relevant," but that evidence "alone is insufficient" to show that the defendant would have appealed but for his counsel's failure to consult. Id. at 485-86, 120 S.Ct. 1029.
Construed liberally, Herring's motion to vacate his guilty verdict and sentence supports the inference that Herring would have appealed but for his attorney's failure to consult with him. Herring alleged that he told his attorney "specifically that he wanted to appeal his case" just three days after his sentencing hearing. Aplt. Appx. at 34. Additionally, an affidavit from Herring's attorney in the record before the trial court indicated that the attorney received "a number of document requests after [Herring's] sentencing," id. at 33, which could show at an evidentiary hearing that Herring contacted his attorney to obtain materials for an appeal. Herring also alleged that he expected his attorney to "advise him regarding appeals," id. at 34-35, but that, instead, Herring's attorney "flatly stated [Herring] had waived [his] right to appeal," id. at 18, which Herring asserts explains why he failed to take further action on his own, such as contacting the district court or the Clerk of Court. These facts, if proven, show that the trial counsel's deficient performance prejudiced Herring.
B. The district court abused its discretion by failing to conduct evidentiary hearing
Reviewing Herring's pro se motion liberally, as we must, we conclude the district court abused its discretion when it denied Herring's claim that his attorney had provided ineffective assistance of counsel in relation to the plea agreement without permitting further development of the record. The files and records of the case do not "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). That is the test, and under that test Herring is entitled to a hearing so that he may prove his factual allegations.
It bears noting that our decision is not a final determination as to whether Herring's trial counsel was ineffective or that any ineffective assistance caused Herring prejudice. Our remand for a hearing is the next step. As noted above, we must assume at this point that Herring can prove his allegations. The hearing will enable the district judge to consider them along with trial counsel's testimony and any additional evidence the parties wish to present.
III. CONCLUSION
Based on the foregoing, we VACATE the dismissal of Herring's section 2255 motion without an evidentiary hearing, and we REMAND to the district court for an evidentiary hearing and a new determination based thereon.

Specifically, we granted a certificate of appealability on the following issues:
I. Whether Herring's counsel was ineffective for failing to consult with Herring about an appeal when Herring specifically expressed interest in appealing?
II. Whether it is reasonably probable Herring would have appealed if counsel had adequately consulted with him?
III. Whether the district court erred in denying Herring's § 2255 motion without first conducting an evidentiary hearing?

Although he is represented by counsel in this appeal, we review Herring's pro se § 2255 motion liberally. United States v. Weeks, 653 F.3d 1188, 1200 n.7 (10th Cir. 2011).

The motion also alleged that Herring's attorney provided ineffective assistance by failing to file an appeal after Herring expressly directed him to, but that claim is not raised on appeal.

Baker preceded Flores-Ortega, but we find our definition of a consultation consistent with that case. Furthermore, although we cannot rely on Baker to determine whether the duty to consult was triggered in this case because Baker involved a defendant who was convicted by a jury, rather than through a guilty plea, Baker's definition of what it means to advise a defendant about the advantages and disadvantages of filing an appeal is applicable in any case where the duty to consult is found to have been triggered, as we have found here.

See Thompson v. United States, 504 F.3d 1203, 1207 (11th Cir. 2007) (holding in case where the defendant entered a guilty plea that "[s]imply asserting the view that an appeal would not be successful does not constitute 'consultation' in any meaningful sense" because "[n]o information was provided ... from which [the defendant] could have intelligently and knowingly either asserted or waived his right to an appeal. ... [and] no reasonable effort was made to discover [the defendant's] informed wishes regarding an appeal").

This recognized that there may be significant non-merits-based reasons why a defendant would want to appeal, such as a plea-negotiation strategy.