**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 3, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KEVIN BERNARD GREEN,

    Defendant - Appellant.

No. 19-7033
(D.C. Nos. 6:17-CV-00058-RAW &
6:15-CR-00037-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **BRISCOE**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Kevin Green appeals from the district court's denial of his motion to vacate,

set aside, or correct his sentence under 28 U.S.C. § 2255. We granted a certificate of

appealability on one issue: whether the district court erred in rejecting Green's claim

that his trial counsel was ineffective for failing to consult with him about appealing

his sentence. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we

affirm.

_____

   * After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## I.    Background

Green pled guilty to conspiring to distribute cocaine in violation of

21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846.  He did not sign a plea agreement or waive

his right to appeal.

At Green's plea hearing, the government estimated that if he accepted

responsibility, his "guideline range would be 120 months imprisonment."  R. Vol. 1 at

180.  Green then testified and provided a factual basis for his plea:

> I agreed with another person to violate the federal drug laws.  I
> knowledgably and voluntarily became part of a conspiracy.  I knew the
> objective of the conspiracy was to buy and sell cocaine.  We acted together
> for shared benefits.  The conspiracy involved at least five kilos of cocaine.

*Id.* at 187.

At Green's sentencing hearing, the court began by preliminarily setting his base

offense level at 30.  Green's resulting guideline range was less than the statutory

mandatory minimum of 120 months.  Green therefore asked the court to apply the so-

called "safety valve" provided by 18 U.S.C. § 3553(f) to impose a sentence within the

guideline range and below the statutory mandatory minimum.  He also lodged "an

objection . . . regarding the drug quantities identified for purposes of guideline

calculations."  R. Vol. 1 at 277.

The government objected to safety-valve relief, arguing that Green did not qualify

because he failed to "truthfully provide[] . . . all information and evidence [he had]

concerning the offense."  18 U.S.C. § 3553(f)(5).  To support this objection and the drug

amounts which served as a basis for its proposed sentence, the government presented

2

evidence and witness testimony that conflicted with the information Green had provided regarding the amount of drugs he sold, as well as other related matters.

Green testified that his co-conspirators and others had lied when they claimed he had sold them drugs. The prosecutor then engaged Green in the following exchange:

Q      Well, if you obtained at least five kilograms of powder cocaine in this conspiracy . . . who did you sell it to?

A      For me to plead guilty that was just my—my way of pleading guilty.

Q      So what you are telling this Court is when you testified—when you entered your guilty plea in front of the magistrate judge under oath, you lied about the amount of drugs you were responsible for? Is that your testimony?

A      Yes, sir.

R. Vol. 1 at 267–68.

This testimony led the government to ask the court to increase Green's offense level by two levels for "obstruct[ing] or imped[ing] . . . the administration of justice." U.S. Sentencing Guidelines Manual (USSG) § 3C1.1 (U.S. Sentencing Comm'n 2018). The court obliged, reasoning that Green took "the stand and stated he lied . . . while under oath at his plea hearing in front of a magistrate judge." R. Vol. 1 at 280–81. It described this development as "an unexpected increase in the offense level," noting that "the range was going to be about 120 months" but that "[t]he range has now changed to be above that." *Id.* at 283. The court applied the revised range of 121–151 months and sentenced Green to 132 months in prison.

Following the sentencing hearing, Green's trial counsel did not consult with him regarding a possible appeal. And Green did not appeal his sentence. Green then filed the

3

instant § 2255 motion pro se, seeking to vacate his sentence due to his attorney's failure to consult with him about an appeal. He argued in his motion that he had been denied a sentence based on offense level 30 and a guideline range of 97 to 121 months. *Id.* at 16.

After conducting an evidentiary hearing on the motion, the magistrate judge recommended that the motion be denied. The district judge adopted the magistrate judge's report and recommendation. This appeal followed. We granted a certificate of appealability to permit Green to address whether his trial counsel was constitutionally ineffective for failing to consult with Green about whether to appeal his sentence.

## II. Discussion

"In reviewing the denial of a § 2255 motion, we review for clear error the district court's factual findings, and we review legal conclusions de novo." *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002). "Although he is represented by counsel in this appeal, we review [Green's] pro se § 2255 motion liberally." *United States v. Herring*, 935 F.3d 1102, 1107 n.2 (10th Cir. 2019).

To prevail on a claim of ineffective assistance of counsel, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Sixth Amendment requires an attorney to consult with a defendant regarding a possible appeal if "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel

4

that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).

In deciding whether there is reason to think a rational defendant would want to appeal, we consider "the totality of the circumstances." *Id.* "[A] highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id.* "[I]n cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Id.*

Green concedes that "there was no evidence presented [to the district court] to show that Green demonstrated to his attorney that he was interested in appealing." Aplt. Opening Br. at 6–7. But he argues that a rational defendant in his shoes would have wanted to appeal "because the sentence imposed was twelve months longer than the sentence expected, there was no waiver of the right to appeal, and there was at least one nonfrivolous ground for appeal—that the sentencing court erred in applying a two-level increase in the base level offense . . . without explicitly specifying the false statements it considered . . . and without making independent findings necessary to establish a willful impediment to, or obstruction of justice." *Id.* at 7.

The alleged nonfrivolous grounds for appeal identified by Green relate to the district court's enhancement of his sentence for "obstruct[ing] or imped[ing] . . . the

5

administration of justice." USSG § 3C1.1.[1]  Upon our review of the record, we conclude that the district court did not err in its application of section 3C1.1.

"The commentary makes clear that the guideline is applicable where a defendant provides 'materially false information to a judge or magistrate.'" *United States v. Pelliere*, 57 F.3d 936, 938 (10th Cir. 1995) (quoting USSG § 3C1.1 cmt. n.4(F)).  Green testified at his sentencing hearing that when he "entered [his] guilty plea in front of the magistrate judge under oath, [he] lied about the amount of drugs [he was] responsible for."  R. Vol. 1 at 267.  The district court referenced this testimony as its basis for applying the section 3C1.1 enhancement, noting Green "was either lying [at his plea hearing] or he is lying now."  *Id.* at 281.  Green's statements at the plea hearing were material as they provided the factual support for his guilty plea as required by Fed. R. Crim. P. 11(b)(3).  And Green's conflicting testimony at his sentencing hearing was likewise material.  His sentencing testimony was offered in support of "an objection . . . regarding the drug quantities identified for purposes of guideline calculations," R. Vol. 1 at 277, and in an effort to rebut allegations that he failed to provide all relevant information regarding his crime to the government.

Green claims the district court made two errors in applying section 3C1.1. First, he argues that the district court failed to "explicitly specify the false statements

_____

[1] The government argues that Green failed to preserve an argument based on these grounds since he did not specifically reference a possible appeal related to the section 3C1.1 enhancement in his pro se § 2255 motion.  Liberally construing Green's pro se filings in the district court, we conclude that Green preserved the arguments he presents on appeal.

it considered in imposing the enhancement." Aplt. Opening Br. at 14 (internal quotation marks omitted). Our precedent requires the trial court to "generally identify the [false statements] at issue," but it need not "recite [them] verbatim." *United States v. Hawthorne*, 316 F.3d 1140, 1146 (10th Cir. 2003) (internal quotation marks omitted) (applying USSG § 3C1.1 to perjurious testimony). Here, the district court noted that Green took "the stand and stated he lied . . . while under oath at his plea hearing in front of a magistrate judge." R. Vol. 1 at 280–81. We have no difficulty identifying Green's false statements based on the district court's description of the statements, including when, where and to whom they were made. We conclude that the district court fulfilled its obligation to identify the false statements at issue.

Green next argues that the district court erred in applying section 3C1.1 because it failed to "make independent findings necessary to establish a willful impediment to, or obstruction of justice." Aplt. Opening Br. at 14 (internal quotation marks omitted). The district court found, based on Green's own admission, that he lied under oath before the magistrate judge regarding the amount of drugs involved in the conspiracy. That finding clearly establishes a willful impediment to or obstruction of justice under section 3C1.1. We therefore agree that Green "has pointed to no nonfrivolous arguments in support of appeal" regarding the application of section 3C1.1. R. Vol. 1 at 400.

Turning to Green's remaining arguments, the fact that he expected a shorter sentence has no relevance when viewed in context. The district court also had

7

anticipated imposing a sentence in line with Green's expectations, but that all changed when Green took the stand and admitted that he had lied under oath at his plea hearing. Because the district court's decision to increase Green's sentence resulted from his admitted perjury, a rational defendant in Green's shoes would not have pursued an appeal to challenge the increase. And, in the absence of any rational basis for filing an appeal, the mere fact that Green did not waive his right to appeal would not, in and of itself, have provided his counsel with a reason to believe that he wanted to appeal.[2]

We have no "reason to think . . . that a rational defendant" in Green's circumstances "would [have wanted] to appeal." *Roe*, 528 U.S. at 480. We affirm the district court's ruling that the Sixth Amendment did not require Green's attorney to consult with him about a possible appeal of his sentence.

### III.  Conclusion

We affirm the district court's denial of Green's § 2255 motion.


Entered for the Court


Mary Beck Briscoe
Circuit Judge

---

[2] Green suggests that the district court did not consider the facts that he expected a lower sentence and did not waive his right to appeal when evaluating whether a rational defendant would have sought an appeal. *Cf. Roe*, 528 U.S. at 480 (requiring courts to consider these facts to "determine whether a rational defendant would have desired an appeal"). Given that the district court acknowledged that it sentenced Green to "twelve months more than was estimated going in to the sentencing hearing," R. Vol. 1 at 400, and noted its prior advisement to Green that he had a "right to appeal," *id.*, we reject this suggestion.

8