**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**April 28, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellant,

v.

RICHARD JENKS, JR.,

    Defendant - Appellee.

No. 20-4023
(D.C. Nos. 2:19-CV-00094-CW &
2:15-CR-00072-CW-1)
(D. Utah)

_____

### ORDER AND JUDGMENT[*]
_____

Before **CARSON**, **BALDOCK**, and **BRISCOE**, Circuit Judges.
_____

The facts here are disturbing. Presented with evidence that Petitioner Richard Jenks Jr. repeatedly raped his stepdaughter for years, a jury convicted him on one count of aggravated sexual abuse of a child within Indian country and two counts of sexual abuse of a minor within Indian country. But even alleged perpetrators of heinous crimes have the right to the assistance of counsel in their defense. See U.S. Const. amend. VI. And the Supreme Court has long held that the Sixth Amendment

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

right to counsel includes a right to *effective* counsel.  See Strickland v. Washington, 466 U.S. 668, 686 (1984).

Arguing that his trial counsel deprived him of that right, Petitioner filed a verified motion under 28 U.S.C. § 2255 in the United States District Court for the District of Utah.  Petitioner sought to vacate his convictions and sentence because, among other things, his trial counsel rendered ineffective assistance in advising him to reject government offers to enter a plea agreement.  The district court denied the motion without an evidentiary hearing and denied a certificate of appealability.  We granted a limited certificate of appealability.  Because we now conclude that the district court abused its discretion in declining to hold an evidentiary hearing, we exercise jurisdiction under 28 U.S.C. § 2253, vacate the district court's judgment in part, and remand for an evidentiary hearing.[1]

## I.

Petitioner, a member of the Ute Indian Tribe, lived on the Uintah and Ouray reservation with his wife and stepchildren.[2]  At sixteen years old, Petitioner's stepdaughter reported to her mother that Petitioner had repeatedly raped her since she

---

[1] Also pending before the Court is Appellant's motion to file a supplemental appendix with his reply brief.  We GRANT the motion and consider Appellant's supplemental appendix properly filed.

[2] Because our review of the district court's decision not to hold an evidentiary hearing hinges largely on whether the allegations in Petitioner's § 2255 motion, taken as true, would entitle Petitioner to relief, we provide the factual background as Petitioner alleged it in his verified motion.  See United States v. Herring, 935 F.3d 1102, 1107 (10th Cir. 2019).  We express no view on whether Petitioner will be able to meet his burden to prove those allegations.

was ten years old.  Her mother immediately reported the allegations to the Bureau of Indian Affairs ("BIA").

After speaking with BIA officers, Petitioner's stepdaughter led the officers to a large woodpile behind Petitioner's house where Petitioner often disposed of condoms and wipes after raping her.  Officers found nineteen condoms along with several wipes and wrappers in the woodpile.  Officers selected four condoms at random for DNA testing and found, to a reasonable degree of scientific certainty, Petitioner's DNA on one side of one of the condoms and his stepdaughter's DNA on the other side.  They also could not exclude Petitioner as a minor contributor of DNA on two more condoms on which his stepdaughter was a major contributor.

A grand jury indicted Petitioner on two counts of aggravated sexual abuse of a child within Indian country in violation of 18 U.S.C. §§ 2241(c) and 1153(a) and two counts of sexual abuse of a minor within Indian country in violation of 18 U.S.C. §§ 2243(a) and 1153(a).  According to Petitioner's § 2255 motion, without consulting a DNA expert to perform any tests or interpret the government's DNA test results, Petitioner's trial counsel told Petitioner that the government's evidence was weak, that he would win at trial, and that he should reject every offer to enter a plea agreement.

Petitioner alleged that his counsel informed him in May 2015 that the government had offered a fifteen-year sentence in exchange for his executing a guilty plea.  But Petitioner's counsel told him that the government's DNA tests revealed a low probability that any of the condoms contained his DNA and that the government

had only made the offer because its case was weak. So on the advice of counsel, Petitioner rejected the plea offer.

Petitioner alleged that in June 2015, his counsel told him that the government had again offered to enter a plea agreement, this time one that would result in a ten-year sentence. But because his counsel continued to advise him to plead guilty, Petitioner rejected this offer too.

Finally, Petitioner alleged that his counsel told him in September 2015 that the government had offered to enter a plea agreement resulting in an eight-year sentence. But Petitioner's counsel continued to insist that the government could not show that any of the condoms contained his DNA and that the jury would acquit him at trial. So Petitioner again declined the government's offer.

According to Petitioner, his counsel conducted little investigation into the government's evidence before advising him on any of these plea offers. Petitioner's counsel never independently tested any of the condoms and consulted a DNA expert on the government's test results only after advising Petitioner to reject each plea offer. Petitioner claims also that his counsel never informed him that if convicted at trial of either aggravated-sexual-abuse charge, he would face a mandatory minimum sentence of thirty years.

When Petitioner's counsel finally consulted a DNA expert about the government's test results, the expert agreed with the government's conclusions. That is, the defense expert also found a "reasonable scientific certainty" that one condom contained Petitioner's and his stepdaughter's DNA and that testers could exclude

Petitioner as a contributor of DNA on only one of the four tested condoms. After Petitioner's trial began, his counsel admitted to him that they had been mistaken about the results of the DNA tests and the strength of the government's case. They informed Petitioner that the jury would likely convict him.

The jury indeed convicted Petitioner on one count of aggravated sexual abuse of a child within Indian country and two counts of sexual abuse of a minor within Indian country. At sentencing, the district court expressed its view that the facts justified an above-guidelines sentence of life in prison but ultimately sentenced Petitioner to the thirty-year statutory-minimum sentence as requested by the government. Petitioner appealed, and we affirmed his conviction and sentence in substantial part, vacating and remanding only for an unrelated issue with one of the supervised-release conditions the district court imposed. See United States v. Jenks, 714 F. App'x 894, 900 (10th Cir. 2017).

Petitioner then challenged his convictions and sentence under § 2255, arguing many reasons he believes show that his trial counsel were unconstitutionally ineffective. The district court denied the motion on all grounds without holding an evidentiary hearing and denied a certificate of appealability. Defendant appealed, and we granted a certificate of appealability limited to whether the district court erred in not holding an evidentiary hearing on the effectiveness of Petitioner's trial counsel when they advised Petitioner not to accept any proposed plea bargains.

**II.**

District courts should hold evidentiary hearings to determine the merits of a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). We use a two-step inquiry when reviewing a district court's decision not to hold an evidentiary hearing. First, we review de novo whether the allegations in the petitioner's motion, if proved, would entitle the petitioner to relief. United States v. Herring, 935 F.3d 1102, 1107 (10th Cir. 2019) (citations omitted). If so, we then determine whether the district court abused its discretion in declining to hold an evidentiary hearing. Id. (citations omitted).

**A.**

Turning to the first step, we examine whether the allegations in Petitioner's § 2255 motion, if true, warrant relief. The Sixth Amendment right to the effective assistance of counsel extends to the plea-bargaining process. Lafler v. Cooper, 566 U.S. 156, 162 (2012) (citations omitted). In a case in which the petitioner alleges that his counsel's ineffectiveness caused him to reject a plea agreement, the petitioner must show that: (1) his counsel's performance fell below an objective standard of reasonableness; (2) but for his counsel's deficient performance, he and the government were reasonably likely to enter a plea agreement; (3) the court was reasonably likely to have accepted the plea agreement; and (4) the conviction, sentence, or both with the plea agreement would have been less severe than the judgment imposed without it. See id. at 163–64.

Of course, in assessing counsel's performance, we are careful not to succumb to hindsight bias—attorneys are not unconstitutionally ineffective simply because their strategic choices prove ultimately unsuccessful. See Strickland, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."). But according to Petitioner's allegations, his trial counsel did not simply make reasonable strategic choices that turned out unsuccessful. Petitioner alleged that his counsel failed to investigate the nature of the DNA evidence found on the condoms before advising him about the strength of that evidence. Petitioner alleged also that his trial counsel told him that the government's DNA test results revealed a low probability that any of the condoms contained his DNA—an objectively false statement as Petitioner's counsel learned when they eventually consulted a DNA expert.

When representing a criminal defendant, an attorney has a duty to reasonably investigate the facts and evidence. See Strickland, 466 U.S. at 690–91. That does not necessarily mean that defense counsel must thoroughly investigate every possible angle, but it does mean that reasonable professional judgments should support any limits to counsel's investigation. See id. We can think of no reasonable professional judgment that would justify failing to accurately discover and convey to the defendant the results of DNA testing, which are likely to be critical to the

7

prosecution's case.  Thus, we conclude that if Petitioner can prove these allegations, he can prove that his trial counsel fell below an objective standard of reasonableness.

The district court focused its analysis on the second element, holding that even if counsel's performance were deficient, Petitioner could not show that he and the government were reasonably likely to enter a plea agreement.  The district court found that Petitioner failed to contradict the government's assertion that it never offered Petitioner a plea deal but only discussed the possibility of offering one.  The district court relied specifically on the government's July 29 email to Petitioner's counsel, which Petitioner attached to his § 2255 motion.  Because that email stated that the government could "probably obtain approval to offer something closer to 8 years," the district court determined that it was not a plea offer but merely an invitation to discuss the possibility of offering a plea deal.

But when deciding whether the district court should have held an evidentiary hearing under § 2255(b), we look to Petitioner's allegations.  See Herring, 935 F.3d at 1107.  Petitioner alleged in a verified motion that the government offered in May, June, and September 2015 to enter plea agreements resulting in fifteen-, ten-, and eight-year sentences, respectively.  Petitioner alleged also that they entered none of those proposed agreements because he rejected the offers based on his counsel's advice about the government's DNA test results.  Maybe the government correctly argues that these allegations are false, but the district court should not have rejected them without an evidentiary hearing.  See Estremera v. United States, 724 F.3d 773, 779 (7th Cir. 2013).  If Petitioner can prove these allegations, he can show that he

8

and the government were reasonably likely to enter a plea agreement absent his counsel's deficient performance. And even if the district court and the government correctly note that the government's July 29 email to Petitioner's counsel was not a plea offer, the email does not contradict Petitioner's allegations that the government eventually made an offer. Petitioner need not prove his allegations before an evidentiary hearing.

The government argues also that Petitioner cannot show that the court was reasonably likely to accept any of the plea agreements the government allegedly offered. The government relies on the court's statement at sentencing that it felt that Petitioner's crimes could warrant an above-guidelines life sentence. If the sentencing court believed a life sentence was appropriate, then the government argues that the court would never have accepted a plea agreement resulting in a fifteen-, ten-, or eight-year sentence. But despite the court's statement, the court did not sentence Petitioner to life in prison—it instead deferred to the government's request and gave Petitioner the minimum possible sentence. Thus, Petitioner could show that when presented with a plea agreement, the court was at least reasonably likely to defer to the government and accept the plea.

Finally, Petitioner must show that the conviction, sentence, or both would have been less severe. In its harshest alleged plea offer, the government suggested a fifteen-year sentence—half the sentence Petitioner received. And any plea agreement resulting in a sentence of less than thirty years would necessarily have included dropping the aggravated-sexual-abuse charges. So even under the government's

harshest alleged offer, Petitioner likely would have received both a less severe conviction and sentence.

Having reviewed the allegations in Petitioner's § 2255 motion de novo, we conclude that if Petitioner can prove them, they would entitle him to relief.

**B.**

We next determine whether the district court abused its discretion in denying Petitioner's § 2255 motion without an evidentiary hearing.  Generally, district courts should hold an evidentiary hearing when a petitioner alleges facts that would entitle him to relief if proved.  See Herring, 935 F.3d at 1107 (holding that the district court abused its discretion in refusing to hold an evidentiary hearing when the petitioner alleged facts that, if proved, would merit relief).  But we have held that district courts may decline to hold evidentiary hearings when a petitioner offers only conclusory allegations such that the court does not have a "firm idea" of the evidence that the petitioner will present and how it will support the petitioner's motion.  United States v. Moya, 676 F.3d 1211, 1214 (10th Cir. 2012) (citation omitted).

Here, the district court determined that Petitioner offered only conclusory allegations that the government offered to enter a plea agreement.  We disagree. Conclusory allegations either state an inference without stating the facts from which the inference derives or lack any "factual enhancement."  Brooks v. Mentor Worldwide LLC, 985 F.3d 1272, 1281 (10th Cir. 2021) (citation omitted).  Petitioner alleged that his counsel told him three times that the government had offered to enter plea agreements resulting in specified sentences.  Those are not inferences—they are

10

factual allegations of Petitioner's discussions with his counsel about statements the government allegedly made.

Nor were the allegations "devoid of any factual enhancement," id., as if Petitioner had alleged only that the government offered some plea deal.  Petitioner alleged both the timing of each alleged offer and the sentence the government proposed with each offer.  That constitutes some "factual enhancement."  True, Petitioner did not allege every detail of any plea agreement he might have accepted, but that does not render his allegations conclusory.  Petitioner's allegations sufficiently gave the district court an "idea of what the testimony [at the evidentiary hearing] will encompass and how it will support [Petitioner's] claim."  Moya, 676 F.3d at 1214 (quotation omitted).  Thus, Petitioner's § 2255 motion warranted an evidentiary hearing.

Because the allegations in Petitioner's § 2255 motion, if proved, would entitle Petitioner to relief and because the district court had no other valid basis not to hold an evidentiary hearing, the motion and the record do not "conclusively show" that Petitioner was entitled to no relief.  Herring, 935 F.3d at 1107 (quoting 28 U.S.C. § 2255(b)).  Thus, the district court should have held an evidentiary hearing.[3]  See id. We therefore VACATE the denial of Petitioner's § 2255 motion only as to the claim that Petitioner's trial counsel provided unconstitutionally ineffective assistance during plea negotiations and REMAND for an evidentiary hearing on that issue.

---

[3] We emphasize that we express no view on whether Petitioner will ultimately prevail on his § 2255 motion.

VACATED in part and REMANDED.

Entered for the Court

Joel M. Carson III
Circuit Judge