FILED
United States Court of Appeals
Tenth Circuit

July 1, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

XAVIER ARRIOLA-PEREZ,

    Defendant - Appellant.

No. 21-8072
(D.C. No. 2:01-CR-00099-NDF-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **MATHESON** and **EID**, Circuit Judges.
_____

Xavier Arriola-Perez appeals from the district court's denial of his motion for

compassionate release under 18 U.S.C. § 3582(c)(1)(A).  Exercising jurisdiction

under 28 U.S.C. § 1291, we affirm.[1]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] "Although he is represented by counsel in this appeal, we review [Mr. Arriola-Perez's] pro se [compassionate release] motion liberally."  *United States v. Herring*, 935 F.3d 1102, 1107 n.2 (10th Cir. 2019).

## BACKGROUND

In 2003, a jury convicted Mr. Arriola-Perez of (1) one count of conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and (2) one count of possession with intent to distribute methamphetamine and aiding and abetting possession with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2.  At sentencing, the district court found that he was responsible for 16.3 kilograms of methamphetamine (mixture).  His offense level was 42 (a base offense level of 38, plus a 4-level increase for acting in a leadership role), and his criminal history category was IV, resulting in a Guidelines range of 360 months to life.  The district court sentenced Mr. Arriola-Perez to serve 400 months' imprisonment.  This court affirmed the convictions and sentence.  *United States v. Arriola-Perez*, 137 F. App'x 119, 137 (10th Cir. 2005).

In 2015, the district court reduced Mr. Arriola-Perez's sentence based on retroactively applicable Sentencing Guidelines Amendment 782.  That provision lowered Mr. Arriola-Perez's base offense level to 36, which, with the 4-level leadership-role increase, resulted in an offense level of 40.  The Guidelines range remained the same—360 months to life.  The district court resentenced Mr. Arriola-Perez to 360 months' imprisonment.

Then, in 2018, Congress passed the First Step Act, which among other provisions authorized defendants to file motions for compassionate relief on their own behalf.  In 2021, after exhausting his administrative remedies, Mr. Arriola-Perez

2

moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which allows release upon a finding of "extraordinary and compelling reasons." The government opposed the motion, and the district court denied relief, concluding Mr. Arriola-Perez had not established extraordinary and compelling reasons to justify release.

## DISCUSSION

The First Step Act empowered defendants to bring motions for compassionate release on their own behalf. Section 3582(c)(1)(A)(i) allows the court to reduce a defendant's sentence of imprisonment if the court "finds that . . . extraordinary and compelling reasons warrant such a reduction," so long as the court considers applicable factors set forth in 18 U.S.C. § 3553(a) and finds that a sentence "reduction is consistent with applicable policy statements issued by the Sentencing Commission." Construing the statute's plain language, this court has established three requirements for granting motions under § 3582(c)(1)(A)(i):

> (1) the district court finds that extraordinary and compelling reasons warrant . . . a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent they are applicable.

*United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). Here, the district court focused on the first requirement.

In part, Mr. Arriola-Perez's motion was based on the length of his sentence. He argued that his 360-month sentence was excessive for his offenses, disproportionate to the sentences received by other defendants, and longer than the sentence he would receive if he were sentenced when he filed his motion or if certain

3

provisions had been made retroactive. Particularly, Mr. Arriola-Perez suggested that, had he been sentenced at the time of his motion, he likely would have had a base offense level of 34 (resulting in an adjusted offense level of 38) and a lower criminal history score, which would put him in criminal history category III rather than IV. The latter argument was based on a 2010 Guidelines provision, Amendment 742, that was not made retroactive.

The district court declined to find that the length of Mr. Arriola-Perez's sentence was an extraordinary and compelling circumstance. It rejected the suggestion that 34 would be a more appropriate base offense level. And regarding Amendment 742, it stated, "as to Defendant's criminal history category, it was correctly calculated at sentencing; the Court is not in a position to make Amendment 742 apply retroactively since the Sentencing Commission chose not to do so." R. Vol. 1 at 115.

On appeal, Mr. Arriola-Perez's sole argument is that the district court misinterpreted the scope of its authority under § 3582(c)(1)(A) in stating that it could not apply Amendment 742 because the Sentencing Commission did not make it retroactive. We review this legal issue de novo. *See McGee*, 992 F.3d at 1041.

In *McGee*, this court held that in assessing "extraordinary and compelling reasons," a district court could consider a subsequent change in the law, even though the change had not been made retroactive. *See id.* at 1047. Moreover, in *United States v. Maumau*, 993 F.3d 821, 828, 837 (10th Cir. 2021), this court affirmed the grant of compassionate release based, in part, on the fact that the defendant's

4

sentence would have been shorter if non-retroactive portions of the First Step Act applied to him.  And the Supreme Court very recently upheld this approach in a case involving another portion of the First Step Act (the portion authorizing district courts to reduce sentences imposed for certain crack-cocaine offenses).  *See Concepcion v. United States*, No. 20-1650, -- S. Ct. --, 2022 WL 2295029, at *4 (U.S. June 27, 2022) ("[A] district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion.").

The district court extensively discussed *McGee* and *Maumau*, but it is not clear from its statement regarding Amendment 742 whether it fully understood it could grant relief based on a non-retroactive provision.  But even assuming that the district court did misinterpret the scope of its authority in evaluating the sentence-length argument, reversal is not warranted.

Under *McGee*, a lengthy sentence alone cannot support a reduction under § 3582(c)(1)(A).  *See* 992 F.3d at 1048.  Instead, "it can only be the combination of such a sentence and a defendant's unique circumstances that constitute 'extraordinary and compelling reasons' for purposes of § 3582(c)(1)(A)(i)."  *Id.*  In considering Mr. Arriola-Perez's motion, the district court not only denied the sentence-length arguments, but also concluded that his proffered unique circumstances did not support compassionate release.  Thus, it did not find either part of the combination required to grant a compassionate-release motion.

5

In light of *McGee*, the district court's rejection of the proffered unique circumstances is fatal to the compassionate release motion, regardless of sentence length. Yet Mr. Arriola-Perez does not appeal this ground for denying the motion.[2] Therefore, we decline to remand for further consideration of the lengthy-sentence argument. *See Lebahn v. Nat'l Farmers Union Unif. Pension Plan*, 828 F.3d 1180, 1188 (10th Cir. 2016) ("When a district court dismisses a claim on two or more independent grounds, the appellant must challenge each of those grounds."); *Starkey ex rel. A.B. v. Boulder Cnty. Soc. Servs.*, 569 F.3d 1244, 1252 (10th Cir. 2009) ("When an appellant does not challenge a district court's alternate ground for its ruling, we may affirm the ruling.").

## CONCLUSION

The district court's judgment is affirmed.

Entered for the Court

Allison H. Eid
Circuit Judge

---

[2] Mr. Arriola-Perez surmises that "had the district court recognized its authority to consider Amendment 742 together with the other extraordinary and compelling circumstances presented, that factor might have been the one that tipped the balance of the scale in favor of a sentence reduction for Mr. Arriola-Perez." Aplt. Opening Br. at 14. Nothing in the order, however, indicates the court would have evaluated the unique-circumstances arguments any differently had it accepted the Amendment 742 argument.